ANDERSON v DIRECTOR, DEPARTMENT OF SOCIAL SERVICES
(AFTER REMAND)

Docket No. 78-4731. Submitted June 12, 1979, at Grand Rapids.—
Decided November 19, 1980.

Arlene Anderson submitted a claim to the Department of Social
Services for dental benefits under Michigan's medicaid plan.
The Department denied benefits, and this decision was upheld
by an administrative law judge and by Kent Circuit Court,
George R. Cook, J. Plaintiff appealed and the Court of Appeals
in an unpublished opinion retained jurisdiction but remanded
the case to the circuit court which, following a hearing, again
affirmed the decision of the administrative law judge and stated
that the provisions of the Michigan medicaid plan, with respect
to dental services, are reasonable and not violative of Federal
law. After remand, *held:*

1. The State of Michigan through the Department of Social
Services is not required by Federal law to provide optional
dental services through its medicaid plan. As a participating
state under the Federal program it is free to choose which, if
any, of the defined optional services it will include within its
plan.

2. The circuit court did not err in affirming the decision of
the administrative law judge that plaintiff was not entitled to
medicaid benefits for root canal treatment and a partial dental
plate. The limitations in Michigan's medicaid plan are reason-
able and do not violate the Federal requirement that the scope
of such services be sufficient to reasonably achieve the Federal
purpose of providing dental services to those in greatest need.

Affirmed.

1. SOCIAL SERVICES — MEDICAID BENEFITS — STATE — STATUTES.

Performing a root canal procedure and furnishing a partial
dental plate are not benefits which are required to be provided
under Michigan's program for medical assistance for the medi-
cally indigent where a claimant is beyond 21 years of age,
adequate alternative covered treatment is available, and the

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 79 Am Jur 2d, Welfare Laws §§ 38-40.

procedures are not necessary to correct masticatory deficiencies likely to impair general health (42 USC 1396 *et seq.,* MCL 400.105 *et seq.;* MSA 16.490[15] *et seq.).*

2. SOCIAL SERVICES — MEDICAID BENEFITS — DEPARTMENT OF SOCIAL SERVICES — SCOPE OF SERVICES — STATUTES.

Financial feasibility may be considered by the Department of Social Services consistently with Federal law in determining the scope of medical services for which reimbursement will be made under Michigan's program for medical assistance for the medically indigent (42 USC 1396a[19], MCL 400.105 *et seq.;* MSA 16.490[15] *et seq.).*

3. SOCIAL SERVICES — MEDICAID BENEFITS — FEDERAL REQUIREMENTS — STATUTES.

The limitation in Michigan's medicaid plans with respect to the availability of benefits for partial dental plates and root canal treatments are reasonable and do not violate the Federal requirement that the scope of the services be sufficient to reasonably achieve the Federal purpose of providing dental services to those in greatest need (42 USC 1396 *et seq.,* MCL 400.105 *et seq.;* MSA 16.490[15] *et seq.).*

*Gary N. Gershon* and *D. Ty Duhamel,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Janis Meija* and *Erica Weiss,* Assistants Attorney General, for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

AFTER REMAND

D. F. WALSH, P.J. Plaintiff, the recipient of aid to families with dependent children, appeals the determination of the Kent County Circuit Court which affirmed the denial of certain dental benefits requested by her under Michigan's medicaid

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plan, 42 USC 1396 *et seq.,* MCL 400.105 *et seq.;* MSA 16.490(15) *et seq.*

On April 7, 1977, plaintiff's dentist submitted an authorization form to defendant Department of Social Services for the following proposed dental services: (1) perio scaling and root plane, (2) prophylaxis (cleaning), (3) root canal, and (4) five fillings. Defendant denied the authorization request because the treatment was not a covered medicaid benefit for those over 21 years of age.

Plaintiff then sought an administrative hearing and included a partial plate as part of the requested medical assistance. The administrative law judge found that plaintiff was not entitled to benefits for a partial plate or a root canal on the ground that plaintiff's condition did not fit within the meaning of the emergency treatment under Item 512.B.1 of the Medical Assistance Eligibility Manual.

Plaintiff appealed to Kent Circuit Court, which affirmed the decision of the administrative law judge. The court noted that the administrative record was inadequate to determine whether dental benefits could have been provided under any other provision of Michigan's medicaid plan.

Plaintiff then appealed to the Court of Appeals which, on September 25, 1979, remanded the case to the circuit court for further evidence on whether or not the requested dental services were covered under the medicaid program and, if not, whether such limitation violated the Federal requirement that the scope of services be sufficient to reasonably achieve the purpose of providing dental services. See Appendix A.

At the hearing following remand on January 2, 1980, Dr. William J. Hanratty, Assistant Director

of Dentistry for the Bureau of Health Services Review, Department of Social Services, was the sole witness. Dr. Hanratty testified that a root canal was not a covered benefit for adult medicaid recipients. Tooth extraction, a generally accepted alternative procedure, was a covered benefit. Dr. Hanratty also stated that the extraction of plaintiff's infected tooth would not cause any health or chewing problems. The cost differential between a root canal and extraction, $450 versus $18 respectively, was the main rationale for the disallowance of the former treatment. Dr. Hanratty testified that defendant's limited amount of resources could best be allocated to the greatest number of individuals and those in greatest need under the current medicaid guidelines.

Dr. Hanratty further testified that dentures are a covered benefit if they are necessary to correct masticatory deficiencies likely to impair general health. Dental Bulletin No. 14 states that the furnishing of a partial plate is a covered benefit for adult medicaid recipients only where an individual has either (1) fewer than six posterior teeth in occlusion (in bite), or (2) all four incisors (front teeth) in one arch missing.

Dr. Hanratty stated that these criteria (formulated by Dr. Levin, former director of the Dental Division of the Department of Social Services and the Michigan Dental Association) specified when a person's biting or chewing ability was significantly impaired. Since plaintiff has only one upper back tooth missing, she did not qualify for a partial plate. Dr. Hanratty also stated that the absence of that one tooth would not cause any health or chewing difficulties.

A prior approval request form submitted by a dentist is also a prerequisite to medicaid coverage

for a partial plate. Dr. Hanratty stated that this prior authorization requirement assisted in controlling costs and assuring that a dentist followed generally accepted dental practices.

After the hearing, the trial court again affirmed the decision of the administrative law judge and stated that the provisions of the Michigan medicaid plan with respect to dental services are reasonable and do not violate Federal law.

Plaintiff initially challenges the denial of medicaid benefits on the grounds that defendant must provide all dental services, defined by regulation as "diagnostic, preventive, or corrective procedures provided by * * * a dentist * * *". 42 CFR 440.100. Plaintiff contends that since a root canal and a partial plate fit within the definition of dental services, they must be provided under 42 CFR 400.2(b), which reads as follows:

"(b) Definitions of services for FFP [Federal funding] purposes. Except as limited in part 441, FFP is available in expenditures under the State plan for medical or remedial care and services as defined in this subpart."

This argument is unpersuasive. The wording of the regulation itself does not support plaintiff's interpretation. 42 CFR 440.2(b) merely states that Federal matching funds are *available* for services defined in the regulations. There is no requirement that the defined services must be provided by the state. Furthermore, in *Beal v Doe,* 432 US 438; 97 S Ct 2366; 53 L Ed 2d 464 (1977), the Supreme Court ruled that all services within the five mandatory categories under medicaid need not be covered. States are not required to offer a more expansive group of benefits for optional medical services such as dental care. An argument similar

to plaintiff's was rejected by the court in *Dist of Columbia Podiatry Society v Dist of Columbia,* 407 F Supp 1259, 1263-1264 (D DC, 1975), which stated:

"Plaintiffs' argument fails because of the invalidity of its basic premise that the broad language of the statute was meant to curtail the discretion of the states in devising their Medicaid Plans. Rather, the provisions of Title XIX provide for a 'scheme of cooperative federalism.' A reading of Title XIX clearly indicates the intent of Congress to give the states considerable discretion and latitude in devising their Medicaid Plans. Thus, federal funds are appropriated under Title XIX '[f]or the purpose of enabling each State, *as far as practicable under the conditions in such State,'* to furnish medical assistance and services. States can choose whether to participate at all; a participating state can choose to include in its plan only the 'categorically needy,' or it can also include the 'medically needy'; a participating state is free to choose which, if any, of the optional services it will include in its Plan. Such options, amongst others in the statute, are designed to afford each state the opportunity to design a Medicaid Plan tailored to the needs and conditions in that state."

Plaintiff's second argument merits more extensive discussion. Under 42 CFR 440.230, Michigan's dental plan must meet a "sufficiency of amount, duration and scope" test. The regulation provides that:

"(a) The plan must specify the amount and duration of each service that it provides:

"(b) Each service must be sufficient in amount, duration, and scope to reasonably achieve its purpose.

"(c)(1) The medicaid agency may not deny or reduce the amount, duration, or scope of a required service under § 440.210 and 440.220 to an otherwise eligible recipient solely because of the diagnosis, type of illness, or condition.

"(2) The agency may place appropriate limits on a

service based on such criteria as medical necessity or on utilization control procedures."

Plaintiff argues that Michigan's medicaid plan is violative of this test because the denial of the requested benefits was arbitrary, was not based on medical necessity, and was not in the best interests of the medicaid recipients. We disagree.

Our review of the medicaid standards adopted by defendant regarding the extent of assistance is very limited. As stated in *Budnicki v Beal,* 450 F Supp 546, 557 (ED Pa, 1978):

"[a state's medicaid coverage policy] which is not irrational or arbitrary and counterproductive to the medical well-being of all Medicaid recipients must be sustained. The court is not in a position to determine which medical services should be provided to poor people given limited state finances and how to optimize that system."

Since a state plan must be reasonable in light of the purpose of the Federal statute, we look to that statute, Title XIX, in defining the purpose for which it was enacted. The Federal medicaid statute provides that:

"[f]or the purpose of enabling each State, *as far as* practicable under the conditions in such State, to furnish (1) medical assistance on behalf of families with dependent children * * * and (2) rehabilitation and other services to help such families and individuals attain or retain capability for independence or self-care, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this subchapter." 42 USC 1396. (Emphasis supplied.)

Another provision of the statute also states that the state plan must:

"provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined, and such care and services will be provided in a manner consistent with simplicity of administration and the best interests of the recipients." 42 USC 1396a(a)(19).

Therefore, as noted in *White v Beal,* 555 F2d 1146, 1151 (CA 3, 1977), an optional medical service must be distributed "in a manner which bears a rational relationship to the underlying Federal purpose of providing the service to those in greatest need of it".

In analyzing the reasonableness of a state's medicaid standards in light of the Federal purpose, it is generally accepted that fiscal restraints play a legitimate role in a state's decision-making. Title XIX provides for medical assistance "as far as practicable under the conditions in [a] state * * *". 42 USC 1396. This provision has been construed to mean that a state may exercise its discretion in funding services on the basis of financial feasibility. One commentator has stated:

"Thus, while section 1396 establishes that one of Medicaid's objectives is to provide necessary medical services, it also reflects a congressional intent that each state have the freedom to tailor programs that are responsive to the fiscal conditions prevalent in that state." Note, *State Restrictions on Medicaid Coverage of Medically Necessary Services,* 78 Colum L Rev 1491, 1499 (1978).

In *Dist of Columbia Podiatry Society, supra,* 1264, the court recognized the propriety of a state including economic factors in its determination of what medical services to provide under medicaid. The court stated:

"Title XIX is a welfare assistance program with

limited funding. It is not an insurance program such as Medicare. Even an insurance program (let alone an assistance program) cannot provide coverage for all possible health services. Therefore, it is necessary for Medicaid funds to be used in the most economical manner possible, and it has been left to the States, operating within the Federal guidelines, to make such economic determinations."

The limitation of policy coverage due to fiscal considerations was also acknowledged in *Rush v Parham,* 440 F Supp 383, 388 (ND Ga, 1977), which stated:

"The Medicaid statute identifies no particular services or procedures. *Coe v Hooker,* 406 F Supp 1072, 1079 (D.N.H. 1976). 'Medical assistance' is broadly defined, 42 USC § 1396d(a), to provide the latitude necessary for the states to formulate a Medical Plan consistent with local needs and conditions, 42 USC § 1396. This flexibility has become more and more important in a tightening economy * * *. The extent of state Medicaid coverage has to be considered in the best interests of all of the recipients."

See also, *Virginia Hospital Ass'n v Kenley,* 427 F Supp 781 (ED Va, 1977).

We first address the reasonableness of the defendant's policy in refusing to reimburse for any root canal treatment to those individuals beyond 21 years of age. The primary rationale for this exclusion is cost containment. Since the expense of a root canal ($450) is substantially higher than that of an extraction ($18), defendant refuses to reimburse the cost of the former treatment. Where the limited resources of the state must be economically apportioned for various medical services, it is consistent with Federal law that defendant consider financial feasibility among the factors used in determining the scope of services for which

reimbursement will be made. Here, the cost disparity between the two treatments would serve to support the reasonableness of defendant's denial of such medicaid benefits on the basis of cost containment.

The testimony also established that an adequate alternative, tooth extraction, was available. This medically accepted treatment, a covered benefit under medicaid, would not have caused any consequent health prolems or chewing difficulties for plaintiff. The availability of such less expensive and yet medically satisfactory treatment persuades us that defendant's denial of the root canal procedure was rationally related to the purpose of providing dental services to the most recipients.

Plaintiff vigorously argues that defendant's policy is not in the best interests of the recipients because a preventive dental procedure is being denied to this particular needy patient. However, we consider defendant's actions to be in accord with the best interests of *all* recipients. By foregoing the comparatively substantial cost of the root canal procedure and permitting an alternative procedure to remedy the problem at a fraction of the cost, all recipients of medicaid are being taken into account. Since a larger number of recipients are able to take advantage of the lower cost medical service, defendant's policy is in line with the Federal regulations.

With respect to the denial of the request for a partial denture, the underlying rationale of defendant's standards is based on the assertion that such services are a covered benefit only where there are chewing difficulties likely to impair general health. The former director of the defendant's Dental Division and the Michigan Dental Association have formulated the guidelines that such

impairment is likely only when there are less than six back teeth in bite or at least four front teeth in one arch missing. These criteria are supported by the defendant's director of the Dental Division, the State Dental Association, and the dentist testifying at the evidentiary hearing. In the absence of any testimony to the contrary, we are convinced that these guidelines adequately identify those individuals likely to incur serious chewing or biting difficulties. We conclude that these guidelines are also reasonably related to the Federal purpose behind the statute.

The record demonstrates that plaintiff had only one back tooth missing. The testimony indicated that plaintiff would suffer no chewing or health difficulties due to the absence of the one tooth. The condition of plaintiff's teeth clearly did not require the insertion of a partial plate, and defendant's decision in this regard cannot be considered to be unreasonable.

We hold that the limitations in Michigan's medicaid plan with respect to the availability of benefits for partial plates and root canal treatments are reasonable and do not violate the Federal requirement that the scope of the services be sufficient to reasonably achieve the Federal purpose of providing dental services to those in the greatest need.

The decision of the circuit court is affirmed.

E. F. OPPLIGER, J., did not participate in the decision after remand.

## APPENDIX A

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

PER CURIAM. Plaintiff, Arlene Anderson, appeals the determination of the Kent County Circuit Court which affirmed denial of certain dental benefits requested by her under Michigan's medicaid plan. 42 USC 1396 *et seq.,* MCL 400.105 *et seq.;* MSA 16.490(15) *et seq.*

We have carefully reviewed the entire record. In order to make an informed and responsible resolution of the issue raised by plaintiff, we must remand to the circuit court for further evidence.

Benefits for dental services are optional under Title XIX of the Social Security Act which establishes the medicaid program. 42 USC 1396a(a)(13); 42 USC 1396d(a)(10). Michigan's medicaid plan includes this optional service. MCL 400.108; MSA 16.490(18).

Although each state has broad discretion to adopt standards for determining the extent of assistance to be offered under its medicaid program, such standards must be reasonable and consistent with the objectives of Title XIX. *Beal v Doe,* 432 US 438; 97 S Ct 2366; 53 L Ed 2d 464, 472 (1977), 42 USC 1396a(a)(17). A state plan must specify the amount and duration of each service provided. 42 CFR 440.230(a). The amount, duration, and scope of each service covered by a state plan must be sufficient to reasonably achieve the purpose of the service. 42 CFR 440.230(b).

We remand for a determination of whether the dental services requested by plaintiff (including a root canal and partial plate) are covered for persons in plaintiff's position under any provision of Michigan's medicaid plan. If they are not covered,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

it must be determined if this limitation on the scope of dental services violates the Federal requirement that the scope of services must be sufficient to reasonably achieve the purpose of providing dental services.[1]

Remanded to Kent County Circuit Court for further proceedings consistent with this opinion. We retain jurisdiction.

---

[1] See Note, *State Restrictions on Medicaid Coverage of Medically Necessary Services,* 78 Col LR 1491 (1978), and Butler, *State Limits on the Amount, Scope, and Duration of Services Under Medicaid,* 11 Clearinghouse Review 456 (1977).