KATHLEEN KIRK, APPELLANT, V. GINA C. DUNNING, DIRECTOR, NEBRASKA DEPARTMENT OF SOCIAL SERVICES, AND THE NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLEES.

370 N.W.2d 113

Filed July 5, 1985.   No. 84-440.

Juan A. Gonzalez and Rita Melgares, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Kathleen Kirk appeals from a judgment entered by the district court for Sarpy County, Nebraska, affirming an earlier decision by the Nebraska Department of Social Services (formerly Department of Public Welfare). The decision by the Nebraska Department of Social Services denied Ms. Kirk medicaid payment under the Nebraska Medical Assistance Program (NMAP) for requested periodontal treatment. The basis for denial apparently was a state regulation which prohibits payment for *all* periodontal treatment, regardless of need. The single issue presented to us is whether the State of Nebraska may, by regulation, categorically deny periodontal treatment to all persons entitled to medical assistance, regardless of the need for such treatment and without any reasons given for such absolute prohibition. The district court concluded that the state could promulgate such a regulation. We believe that under the evidence presented in the record the district court was in error in this regard, and for that reason we reverse and remand.

In 42 U.S.C. § 1302 (1982), it is required that the Secretary of Health and Human Services promulgate rules necessary to the efficient administration of the Social Security Act. As a result of the adoption of § 1302, various regulations were promulgated, including Title 42, Public Health, Chapter IV—Health Care Financing Administration. See 42 C.F.R. §§ 400.200 et seq. (1984). Pursuant to the provisions of § 440.230 of those regulations, it was provided in part:

> (a) The [state] plan must specify the amount, duration, and scope of each service that it provides for—
> (1) The categorically needy; and

(2) Each covered group of medically needy.

(b) Each service must be sufficient in amount, duration, and scope to reasonably achieve its purpose.

Pursuant to the federal regulations, the State of Nebraska adopted state regulations which would make the state eligible to receive federal payment. Nebraska DPW Program Manual tit. 471, §§ 6-000 et seq. (rev. Nov. 24, 1982) deals with dental services. Specifically, § 6-002 defines covered services. This section reads:

Dental services are defined as any diagnostic, preventive, or corrective procedures administered by or under the supervision of a licensed dentist. The dentist shall maintain a high standard of quality in his/her services. The dentist shall provide services to NMAP clients within the reasonable limits of those services which are customarily available and provided to most persons in the community within the limitations of NMAP.

Section 6-003 then provides for noncovered services and reads as follows: "The following dental services are not provided by NMAP: 1. Any procedure which is wholly or mainly for cosmetic purposes; and 2. Periodontal treatment." No explanation is given as to why periodontal treatment is categorically excluded or why it is not by definition a part of covered services under § 6-002.

The state, in support of the agency's action, argues that this court should not substitute its judgment for that of an administrative agency and that the agency action must be upheld if a reasonable basis exists for its decision. See, *In re Appeal of Levos*, 214 Neb. 507, 335 N.W.2d 262 (1983); *School Dist. of Omaha v. State Board of Education*, 187 Neb. 76, 187 N.W.2d 592 (1971). While we would agree with these statements in the abstract, we are unable to see how they apply in the instant case. No basis for the prohibition, reasonable or unreasonable, is given for the categorical denial of periodontal care.

To complicate the matter, the state further argues that while periodontal treatment as so described is not covered, in fact the regulations do provide a broad scope of dental treatment, including care of infection and prophylaxis, which includes care

of the gums or periodontal-type treatment, though not called by that name. We are simply unable to understand why the services may be provided so long as they are provided under another name.

Additionally, § 6-008 of the state's program manual provides in part: "The intention of the Nebraska Department of Public Welfare is to maintain the dental structures in reasonable condition until the client becomes self-supporting." The state's dental consultant testified that Ms. Kirk was in need of other dental services which she was clearly entitled to receive pursuant to state regulation but that the services could not be provided and would not be approved unless and until the prohibited periodontal work was done. The consultant further testified that because of the regulations, he could not approve the periodontal work and therefore none of the needed dental work would be paid. This presents the medicaid recipient with a true Catch-22 situation.

Our attention is directed to the case of *Anderson v Dir DSS*, 101 Mich. App. 488, 300 N.W.2d 921 (1980), wherein the Court of Appeals for the State of Michigan upheld a similar limitation in the Michigan medicaid plan. In doing so, however, the Michigan court pointed out that the record contained sufficient evidence to establish that a root canal, not permitted under medicaid, costs $450, that an extraction, a covered procedure under the Michigan medicaid plan, costs $18, and that this financial consideration was the main rationale for the disallowance of the root canal work. Furthermore, the evidence in the Michigan case established that the removal of a single tooth, as there required, would not cause any health or chewing problems for the medicaid recipient.

Neither the evidence in this case nor the regulations promulgated by the Department of Social Services would support a similar result in the instant case. There was no evidence as to the difference in cost between the type of periodontal treatment which would be approved and that which was categorically prohibited. Furthermore, as we have just noted, the evidence was that unless Ms. Kirk's periodontal condition was brought under control, she would suffer irreparable harm and damage to her mouth and jaw to such an

extent that dentures could not be affixed in her mouth.

Title 42 C.F.R. § 440.230(d) provides that "[t]he agency may place appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures." The record in this case simply does not support any contention that the limitation involved is based upon medical necessity or utilization control procedures. Nor does the record support a finding that the coverage limitations set out in § 6-002 apply. There was no evidence that periodontal services are not customarily available and provided to most persons in the community. Other than the blanket prohibition on payment for periodontal treatment, we are directed to no limitations of NMAP applicable to this case. While the state may limit services which are beyond its fiscal ability to provide, if not otherwise required by federal statutes or regulations, it may not, without some reasonable explanation, categorically refuse to provide necessary dental care which is clearly covered by § 6-002. None was given, and we are unaware of any facts of which we should take judicial notice. The reason for refusing to provide dental services which are solely cosmetic is obvious on its face. The same cannot be said with regard to periodontal services. It appears that prohibiting periodontal care without regard to need and without any evidence that providing such services would create a severe fiscal problem is a denial of such service in violation of 42 C.F.R. § 440.230(b), which requires that the dental service provided be "sufficient in amount, duration, and scope to reasonably achieve its purpose."

We therefore hold that the State of Nebraska may not categorically refuse to provide periodontal treatment if the same is necessary and apparently regularly provided within the community. To be sure, an individual is not entitled to periodontal treatment if a diagnosis of the individual's condition does not justify such treatment or the state simply cannot afford such treatment. Where such treatment is required, however, the treatment must be provided.

In the instant case all of the parties concede that Ms. Kirk suffers from periodontal disease and is in need of treatment. For that reason, therefore, the decision of the district court affirming the Nebraska Department of Social Services is

reversed and remanded with directions to instruct the Nebraska Department of Social Services to provide the necessary periodontal treatment for Ms. Kirk.

REVERSED AND REMANDED WITH DIRECTIONS.