**Joan COLEMAN, Appellant–Plaintiff,**

v.

**INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellee–Defendant.**

No. 49A02–9609–CV–608.

Court of Appeals of Indiana.

Oct. 30, 1997.

Colleen Cotter, Jamie Andree, Bloomington, for Appellant–Plaintiff.

· Jeffrey A. Modisett, Attorney General, Jon Laramore, Deputy Attorney General, Indianapolis, for Appellee–Defendant.

## OPINION

KIRSCH, Judge.

Medicaid recipient Joan Coleman appeals the denial of her request for Medicaid coverage. The appeal presents three issues:

I.     Whether the Indiana Medicaid regulation excluding coverage for partial dentures violates federal Medicaid law.[1]

II.     Whether the above-referenced Indiana Medicaid regulation violates state Medicaid law.

III.     Whether the trial court erred in affirming the State Medicaid agency's decision to deny coverage.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Joan Coleman, a Medicaid recipient, lacks several posterior teeth. Her dentist recommended a partial denture for her and requested prior authorization for the denture from the State Medicaid program. The State denied the request. Upon administrative review the Administrative Law Judge (ALJ) upheld the denial, citing the State Medicaid regulation that excluded coverage of partial posterior dentures, 405 IAC 1–6–8(q)(4) (1995 Supp.).[2] The Medicaid agency affirmed the ALJ's decision.

Coleman appealed the decision to the Marion Superior Court in accordance with the Indiana Administrative Orders and Procedures Act, IC 4–21.5–5–14. The trial court

---

**1.** This appeal was consolidated for oral argument with two other appeals: *Thie v. Davis, et al.,* No. 49A02–9609–CV–574 and *Davis v. Schrader,* No. 49A02–9602–CV–087. Although the legal issues in each appeal are analogous, we issue separate opinions for each due to the factual differences among them.

**2.** During the administrative proceedings and the trial court review, the parties usually cited the 1992 version of the regulation: 405 IAC 1–6–8(c)(4) (1992). The 1992 version and the 1995 Supplement are the same with regard to coverage of new partial dentures. In 1996, the State Medicaid agency amended the regulation to exclude full dentures as well as partial dentures. *See* 405 IAC 1–6–8 (1997 Supp.).

concluded that the record supported the ALJ's decision, and that:

> "7. Medical necessity is not a part of the criteria in 405 IAC 1–6–8(c) for prior approval of partial dentures.
>
> 8. There is insufficient evidence in the record to support a claim that partial dentures were medically necessary for Ms. Coleman.
>
> 9. The limitations on Medicaid coverage of partial dentures in 405 IAC 1–6–8(c) do not violate federal or state law because the Medicaid program is not required to cover all medically necessary services."

*Record* at 190.

Coleman now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ When reviewing administrative decisions, this court applies the same standard as the trial court. *Bd. of Registration for Land Surveyors v. Bender,* 626 N.E.2d 491, 496 (Ind.Ct.App.1993). There are several grounds for reversing an agency action, including a finding that the action is not in accordance with law or that the action is invalid according to the controlling statutes. IC 4–21.5–5–14; *see also Bender,* 626 N.E.2d at 496. Although this court cannot retry the facts presented at the administrative hearing, we may reverse the decision if the underlying conclusions of law are erroneous.

### II. Substantive Issues

As Coleman acknowledges in her brief, the central issues in this appeal are the same as the issues in *Thie v. Davis, et al.,* 688 N.E.2d 182 (Ind.Ct.App.1997) and *Davis v. Schrader,* 687 N.E.2d 370 (Ind.Ct.App.1997). The State succinctly described the issues in its *Schrader* brief: "[t]his case is about the lim-

its on Medicaid coverage and who gets to set them." *Schrader Reply Brief* at 1.

■ In *Schrader,* the trial court determined that the State Medicaid program must cover medically necessary treatments. Conversely, the trial courts in *Thie* and in this case determined that the State could exclude medically necessary treatments. We affirmed the trial court in *Schrader* and reversed the court in *Thie,* holding in both cases that the State may establish coverage limitations but may not exclude medically necessary treatments within covered categories. Here, as in *Thie,* we reverse the trial court on the ground that the decision is not in accordance with State and federal Medicaid laws. We again hold that the State may limit coverage by excluding optional service categories and by narrowing the definition of medical necessity; however, once the State chooses to provide coverage within an optional category, the State must cover medically necessary treatments within that category.

The *Thie* opinion explains the analysis applicable to our decision here. We summarized that analysis in *Schrader.* To avoid reiteration, our analysis here is limited to the facts of this case.

The first step in the analysis is to identify the State definition of medical necessity applicable to the challenged exclusion. The State has not adopted a definition of medical necessity applicable to dental services; accordingly, we must apply the general definition of medical necessity from 405 IAC 1–6–2(h) (1996).[3] That definition reads: " 'Medically reasonable and necessary service' means a service which meets current professional standards commonly held to be applicable to the case."

Having identified the definition, the next step is to determine whether the excluded equipment or treatment is medically necessary as defined by the State.[4] Accordingly,

---

**3.** The regulation governing dental services contains a reference to medical necessity applicable to maxillofacial surgery: "Requests for prior authorization [of maxillofacial surgery] shall be reviewed for medical necessity, taking into consideration the following: (1) Patient age, sex, prior diagnostic evaluation, treatment history, and comorbid conditions. (2) The stated indication for

the procedure. (3) Current dental standards applicable to the procedure." 405 IAC 1–7–28(i) (1995 Supp.).

**4.** In the alternative, an individual could obtain coverage of excluded equipment or treatment by proving that the State definition of medical ne-

we examine the Record for evidence that partial dentures meet current professional standards. At the administrative hearing, Coleman testified that her lower back teeth are missing and that she formerly used a partial denture to compensate for the missing teeth. *Record* at 55–56. An improper cleaning product ruined her denture. *Record* at 56. Her dentist, noting that Coleman has heart problems and as such must chew properly, recommended that she obtain a replacement for the ruined denture. *Record* at 75–76. Two other dentists confirmed this recommendation in general terms. *Record* at 79–87. One dentist explained:

"Failure to provide posterior support and function can cause abnormal wear or fracture of the remaining teeth. Periodontal trauma can occur. Temporal-mandibular dysfunction (TMD) can occur. Digestive/intestinal problems can occur."

*Record* at 85.

■ The dentists' statements, combined with Coleman's description of her condition, indicate that a partial denture meets current professional standards applicable to Coleman's condition. In other words, the evidence establishes that the partial denture is medically necessary for Coleman according to the State definition of medical necessity. Given that the denture is medically necessary, the regulation excluding the denture is invalid as it applies to Coleman—the State Medicaid program must cover her partial denture.

In defense of the regulation, the State asserts that the federal and Indiana laws allow the State to place reasonable limits on Medicaid coverage and that exclusion of partial posterior dentures is a reasonable limit. The first assertion is correct, the second is not. The State may limit Medicaid coverage through its definition of medical necessity or by excluding treatments that are not medically necessary. Once the State defines medical necessity, however, the State may not exclude treatments that meet the requirements of the definition. As explained in *Thie,* to exclude medically necessary treatments would be to violate the state and federal Medicaid laws. Here, Coleman has es-

tablished that a partial posterior denture is medically necessary for her according to the present definition of medical necessity in 405 IAC 1–6–8(h). As such, it is unreasonable for the State to refuse to cover her denture.

The State insists that Indiana's exclusion of partial posterior dentures is a valid Medicaid limitation, citing *Cowan v. Myers,* 187 Cal.App.3d 968, 232 Cal.Rptr. 299 (1986), *cert. denied,* 484 U.S. 846, 108 S.Ct. 140, 98 L.Ed.2d 97 (1987). The *Cowan* decision, however, does not extend to the issue in this case. Here, the issue centers on a State regulatory exclusion of certain medically necessary treatment. In contrast, at issue in *Cowan* was the state regulatory definition of medical necessity. The *Cowan* court upheld the regulatory definition based on the state's broad authority to define medical necessity. Here, we have invalidated a regulatory exclusion because it denies coverage of medically necessary treatment.

Our holding is consistent with *Cowan.* Like the *Cowan* court we have found that the State has broad authority to define medical necessity within the State and federal Medicaid laws. Nothing in our holding prevents the State from revising its definition of medical necessity, either by adopting a new general definition or by redefining the term within specific coverage categories. Absent such revisions, however, the State is bound by the existing definition and must cover treatments within that definition.

The State also cites *Anderson v. Dep't of Social Services,* 101 Mich.App. 488, 300 N.W.2d 921 (1980). Although the *Anderson* opinion contains several broad statements concerning the states' authority to limit coverage, the actual holding is narrow. In the holding, the court upheld a state Medicaid regulation that excluded root canals and limited coverage on dentures. Unlike the regulation here, however, the regulation in *Anderson* covered dentures "if they are necessary to correct masticatory [chewing] deficiencies likely to impair general health" (including partial dentures in certain circumstances). 300 N.W.2d at 923. The *Anderson* court found the regulation rea-

cessity is invalid according to State or federal law.

sonable because the coverage guidelines "adequately identify those individuals likely to incur serious chewing or biting difficulties." *Id.*, 300 N.W.2d at 926. Here, in contrast, the regulation excludes partial dentures regardless of the severity of masticatory impairment. The exclusion cannot be reconciled with the State definition of medical necessity in this case; as such, it is invalid as applied to Coleman.

We emphasize that our rejection of the State's arguments concerning the regulation does not mean that we accept all of Coleman's arguments. Coleman argues that "medical necessity must be determined on a case by case basis" and that the determination of medical necessity "is best left for the Medicaid recipient's own physician." *Appellant's Brief* at 19. This argument is not supported by the controlling laws. As explained in *Thie,* the Medicaid statutory scheme is based on federalism principles which reserve to the states the broad authority to define medical necessity. Although the State could define medical necessity solely by reference to the recommendations of individual health care providers, it need not do so. So long as the definition comports with State and federal Medicaid laws, the State is free to define medical necessity as narrowly or as broadly as required to fulfill the State's policy goals.

In summary, we hold the regulation excluding partial dentures invalid as applied to Coleman, and we reverse the trial court on the ground that the exclusion does not meet the State and federal laws requiring coverage of medically necessary treatment.

Reversed.

SULLIVAN and STATON, JJ., concur.