BOARD OF TRUSTEES OF PUBLIC EM-
PLOYEES' RETIREMENT FUND OF
the STATE OF INDIANA, by Ralph W.
Van Natta, Executive Secretary; Myrl
W. Deitch, Jr., Chairman; J. Dwight Pe-
terson, Trustee; Richard T. Doermer,
Trustee; and Marie T. Lauck, Trustee,
Defendants-Appellants,

v.

Aline L. BAUGHMAN, Plaintiff-Appellee.

No. 3–1282A343.

Court of Appeals of Indiana,
Third District.

June 20, 1983.

Linley E. Pearson, Atty. Gen., Michael A.
Minglin, Deputy Atty. Gen., Indianapolis,
for defendants-appellants.

Phyliss A. Benn, LaPorte, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Aline Baughman was employed as a part-time nursing instructor with Purdue University, North Central. In 1981 Baughman petitioned the Board of Trustees of the Public Employees' Retirement Fund to award her creditable service time for her employment with the school from 1972–1974. Her petition was denied by the executive secretary of the P.E.R.F. Board on the ground that she worked less than 600 hours per year and was excluded from membership pursuant to Ind.Code 5–10.3–7–2(2) (1982 Ed.).

Baughman then petitioned for and participated in a hearing before a P.E.R.F. Board hearing officer. The hearing officer recommended that Baughman be denied creditable service on the same ground as expressed by the executive secretary. This recommendation was adopted by the P.E.R.F. Board. Baughman then sought judicial review of the Board's determination pursuant to the Administrative Adjudication Act.[1] The trial court vacated the order of the P.E.R.F. Board from which the Board appeals.

P.E.R.F. raises several issues on appeal:

(1) whether the reviewing court erred in determining that the P.E.R.F. Board exceeded its statutory authority;

(2) whether the reviewing court erred in determining that the P.E.R.F. Board acted arbitrarily and capriciously;

(3) whether the reviewing court erred in determining that the P.E.R.F. Board's decision was not supported by substantial evidence; and

(4) whether the reviewing court reweighed the evidence and erred in vacating the P.E.R.F. Board's order.

First, appellant argues that the reviewing court erred in determining the Board exceeded its statutory authority. In support of this argument the Board points to Ind. Code 5–10.3–3–7(8) (1982 Ed.) which grants

the Board the authority to act on applications for membership. Appellant contends that is what it did, acted upon Baughman's application for membership, as is its duty. This argument misses the precise point at issue as does appellant's reliance upon the fact that social security taxes and fringe benefits were not paid by Baughman's employer.

Central to this controversy is the interpretation of Ind.Code 5–10.3–7–2(2) which states:

"Exclusions from membership

Sec. 2. Exclusions from Membership. The following employees may not be members of the fund:

\* · \* \* \* \* \*

(2) employees occupying positions normally requiring performance of service of less than six hundred (600) hours during a year[.]"

It is appellant's contention that in the case at bar only the hours specifically assigned to Baughman to work, within her employment contract, are "normally required" as contemplated by the statute. This reading of the statute is too narrow.

■ The interpretation given a statute by an administrative agency charged with the duty of enforcing said statute is entitled to great weight. *Aaron v. Review Bd. of Indiana, etc.* (1981), Ind.App., 416 N.E.2d 125; *Terre Haute Savings Bank v. Indiana State Bank* (1978), 177 Ind.App. 690, 380 N.E.2d 1288. However, an agency's interpretation of a statute which is incorrect is entitled to no weight. *Beer Distributor of Indiana, Inc. v. State, etc.* (1982), Ind.App., 431 N.E.2d 836. The operative terms within the statutory provision are "normally" and "requiring" which have been defined as:

"NORMAL. According to, constituting, or not deviating from an established norm, rule, or principle; conformed to a type, standard or regular form; performing the proper functions; regular; natural."

1. Ind.Code § 4–22–1–1 *et seq.* (Burns Code Ed.).

Black's Law Dictionary 1208 (4th ed. 1951).

"REQUIRE. To direct, order, demand, instruct, command, claim, compel, request, need, exact."

Black's Law Dictionary 1468 (4th ed. 1951).

■ Rather than interpret the statute as narrowly as did the P.E.R.F. Board, the reviewing court interpreted the statutory terms as having an intent close to the above definitions. In other words the service normally required for a specific position may include other conduct in addition to what is specifically listed in an employment contract. Appellant contends the reviewing court goes too far in interpreting the statute in such a manner and lacks evidence to support this interpretation. The record indicates otherwise.

The employment contract entered into by Baughman specifically provided that she be compensated for teaching four hours per week, plus eight hours per week of lab/clinic instruction, and her traveling expenses. It is appellant's contention that this contract establishes the normally required hours of service provided by Baughman as twelve hours per week for a total of four hundred thirty two hours per year,[2] regardless of the actual amount of time Baughman worked. However, the record indicates otherwise.

Baughman's duties included the following:

1) classroom instruction, four hours per week;

2) lab/clinic instruction, eight hours per week;

3) staff meetings, three hours per week;

4) student counseling, two hours per week;

5) travel, two hours per week.

*Record* at 88 (pp. 13–21).

These figures do not include the amount of time spent preparing for class and processing the paperwork for the lab/clinic portion of the class. When Baughman's hours of service are figured in this manner they amount to nineteen hours per week for a total of six hundred eighty four hours for the year.

The record incontrovertibly indicates that Baughman was *required* to attend staff meetings and counsel students in addition to the duties specifically delineated in her employment contract. Even assuming Baughman was to be paid for her travel expenses yet receive no credit for that time, she was nevertheless *required* to work seventeen hours per week for a total of six hundred twelve hours per year. This amount of service time is sufficient to qualify her for membership in P.E.R.F. Further, the record indicates that all other nursing instructors were required to perform the same duties in addition to the ones specifically outlined in their employment agreements. This pattern of conduct can only establish the standard of conduct or regular and established norm.

Thus the facts before the P.E.R.F. Board and the reviewing court establish that Baughman was "normally required," as those terms are commonly defined, to provide at least seventeen hours of service per week for a total of six hundred twelve hours per year. Appellant's reading of the statute was too narrow and resulted in the wrongful exclusion of Baughman from membership in P.E.R.F. Therefore, the reviewing court did not err in finding that the P.E.R.F. Board exceeded its statutory authority.

■ The Board was also found to have acted arbitrarily and capriciously in denying membership to Baughman. The action of an administrative agency is arbitrary and capricious only where there is no reasonable basis for that action. *Indiana Bd. of Pharmacy v. Crick* (1982), Ind.App., 433 N.E.2d 32; *Kinzel et al. v. Rettinger et al.* (1972), 151 Ind.App. 119, 277 N.E.2d 913. In the case at bar appellant misconstrued a statute which resulted in the wrongful ex-

2. A year for the purposes of this matter consists of a school term of thirty-six weeks' dura-

tion.

clusion of a public employee from P.E.R.F. Since there was no reasonable basis for Baughman's exclusion from P.E.R.F., the court was correct in finding that the Board acted arbitrarily and capriciously.

Appellant's final two issues may be combined for discussion. It is appellant's contention that the reviewing court incorrectly reweighed the evidence in order to arrive at the conclusion that the Board's findings were not supported and vacated its order. This argument finds no support in the record.

■■■ As stated above the evidence leads incontrovertibly to the conclusion that appellee was *normally required* to perform six hundred twelve hours of service per year for her employer. As a result she was entitled to be included as a member of P.E.R.F. While it is true that the evidence before an administrative agency will not be reweighed by the reviewing court, where the agency's findings lack the support of substantial evidence or its order is contrary to law, it shall be reversed. *Office of Public Counselor v. Indianapolis Power* (1980), Ind.App., 413 N.E.2d 672; *Old State Utility v. Greenbriar Development* (1979), Ind.App., 393 N.E.2d 785. The order entered by the Board in the case at bar was contrary to law. The interpretation given the statute at issue, by the Board, was too narrow and contravened its intended purpose. For the reasons stated above the decision of the reviewing court vacating the order of the P.E.R.F. Board is affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.