**PEABODY COAL COMPANY,**
Appellant–Petitioner,

v.

**INDIANA DEPARTMENT OF
NATURAL RESOURCES,**
Appellee–Respondent.

No. 28A05–9203–CV–72.

Court of Appeals of Indiana,
Fifth District.

Nov. 10, 1992.

Publication Ordered Dec. 23, 1992.

# 1307

David R. Joest, Peabody Coal Co., Henderson, KY, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Myra P. Spicker, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

BARTEAU, Judge.

Peabody Coal Company ("Peabody") appeals the judgment of the trial court affirming a decision of the Administrative Law Judge ("ALJ") of the Indiana Department of Natural Resources ("DNR"). Peabody raises two issues on appeal:

1. Whether the administrative agency determination was of a technical nature that should be accorded deference on review; and

2. Whether Peabody was required by Ind.Code 4–21.5–3–14(c) to prove that the best available material described in its original mining permit issued by DNR was the best available material for purposes of a proposed revision to the permit.

## FACTS

Peabody conducts surface coal mining and reclamation operations at its Hawthorn Mine in Sullivan County, Indiana, under a permit issued by DNR. Pursuant to the Indiana Surface Mining and Control and Reclamation Act, I.C. 13–4.1 ("SMCRA"), surface mine operators must salvage topsoil before mining and replace the topsoil after mining as part of the reclamation process. In some instances, it is not possible to do this because there is no existing topsoil. This occurs where the area was mined before the salvaging and replacing of topsoil was required. These "previously disturbed" areas must be reclaimed using the "best available material" in lieu of topsoil. Portions of Peabody's Hawthorn Mine were previously disturbed. The original permit issued to Peabody provided that these areas would be reclaimed with the best available materials identified as "a mixture of non-toxic shale and unconsolidated material."

Revisions to the original permit were twice approved which allowed Peabody to relocate the area that was to be reclaimed with best available materials in lieu of topsoil. In other words, the area that was previously disturbed would be reclaimed with topsoil from another area of the mine and the area of the mine that had topsoil would be reclaimed with best available material from the previously disturbed area. These revisions were approved without any question regarding what was the best available material.

In November, 1990 Peabody proposed another revision in order to relocate again the area that would use best available material in lieu of topsoil. DNR requested clarification as to what the best available material

was that Peabody planned to use. Peabody responded by pointing out to DNR that the same best available material that had been approved in the original permit would still be used; the revision merely concerned *where* that material would be placed. This did not satisfy DNR and the revision was denied because Peabody failed to demonstrate that the topsoil would be substituted with the "best available material."

Peabody petitioned for review by the ALJ. The ALJ affirmed the DNR's determination, relying on I.C. 4–21.5–3–14(c) to conclude that Peabody had the burden of proof on the question whether its proposed revision satisfied the statutory requirements and that Peabody had not carried that burden. Upon judicial review, the trial court affirmed the ALJ's decision.

### DEFERENCE ON REVIEW

Peabody first questions whether the agency decision was entitled to deference on review by the trial court. The trial court stated that it was giving great deference to the agency decision because of the technical nature of its determination. Peabody argues that the agency did not in fact make a technical determination; rather, its determination was based upon a strictly legal interpretation of statutory provisions allocating the burden of proof.

■ Upon judicial review of an agency determination, the trial court is limited to determining whether the agency action is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence. I.C. 4–21.5–5–14; *County Dept. of Welfare v. Deaconess Hospital* (1992), Ind.App., 588 N.E.2d 1322, *trans. denied.* Both trial and appellate courts reviewing administrative

determinations are prohibited from reweighing the evidence or judging the credibility of witnesses and must accept the facts as found by the administrative body. *Public Service Co. of Ind. v. Review Bd. of Employment Security Division* (1983), Ind.App., 451 N.E.2d 371. However, we need not accord the same degree of deference to an agency's conclusion on a question of law. *Deaconess Hospital,* 588 N.E.2d at 1327. Courts are empowered to draw legal conclusions and the court in its function of judicial review of an administrative action may set aside an agency determination that is not in accordance with law. *Bd. of Trustees of Public Employees' Retirement Fund v. Miller* (1988), Ind., 519 N.E.2d 732.

■ On the other hand, an administrative agency's interpretation of a statute that the agency is charged with enforcing is entitled to great weight; however, an agency's incorrect interpretation of a statute is entitled to no weight. *Bd. of Trustees of Public Employees' Retirement Fund v. Baughman* (1983), Ind.App., 450 N.E.2d 95. If an agency misconstrues a statute, there is no reasonable basis for the agency's ultimate action and the trial court is required to reverse the agency's action as being arbitrary and capricious. *Id.*

■ Thus, whether the agency's determination is entitled to deference depends upon the nature of its determination. The ALJ interpreted I.C. 4–21.5–3–14(c) as requiring Peabody to prove that the proposed permit revision was in accordance with the applicable regulations by proving what materials it was planning to use and that they were the best available materials. I.C. 4–21.5–3–14(c) concerns proceedings before an administrative law judge and provides that the person requesting that an agency take some action has the burden of persuasion and the burden of going forward with the proof. This statute falls within the Administrative Orders & Procedures Act and is not a statute that the DNR has been specifically charged with enforcing. Thus, the ALJ's interpretation of this statute is not entitled to substantial deference.

■ However, although Peabody focuses on the ALJ's interpretation of I.C. 4–21.5–3–14(c), the ALJ also had to interpret statutes and regulations pursuant to SMCRA to determine the application of I.C. 4–21.5–3–14(c). To the extent the ALJ relied on I.C. 13–4.1–5–5(b) (revision of permits allowed), 13–4.1–4–3(a) (burden of establishing compliance for permit revisions) and 310 I.A.C. 12–5–64(c)(1) (requirements for best available material), the ALJ's determination is entitled to substantial deference.

## ARBITRARY AND CAPRICIOUS

The crux of Peabody's appeal is that the ALJ's determination that Peabody had the burden of proof as to the best available material was arbitrary and capricious. Peabody's position is that once the original Hawthorn Mine permit was issued by DNR, approving Peabody's planned "best available material" for reclamation, Peabody did not need to show again what its best available material was when it proposed to revise the original permit in a manner that it argues did not affect the best available material. DNR believes that because Peabody was proposing to reclaim a different area than originally planned with "best available material," the nature of the "best available material" for the new location might be different than the "best available material" for the old location. Thus, DNR required Peabody to show what it considered to be the "best available material" for the new location. Because Peabody did not do so, DNR denied the permit revision.

■ DNR cannot approve a permit revision without finding that the revision is in accordance with SMCRA rules and regulations. I.C. 13–4.1–4–3(a); I.C. 13–4.1–5–5(b). One of those regulations applicable here, as found by the ALJ, is 310 IAC 12–5–64(c)(1), which specifies the requirements of "best available material." 310 IAC 12–5–64 was repealed in 1990. 310 IAC 12–5–64.1(c)(1) replaced 310 IAC 12–5–64(c)(1) with substantially the same language. That provision (section 64.1(c)(1)) states: "For a previously mined area that was not reclaimed under sections 1 through 64 of

this rule, ... the ground cover of living plants shall be:

(A) not less than can be supported by the best available topsoil or other suitable material in the reaffected area;

(B) not less than the cover existing before redisturbance; and

(C) adequate to control erosion.

The ALJ proceeded to find, however, that "[t]he issue in this proceeding is not ... which are the best available materials but rather whether Peabody or the Department has the burden of proof with respect to what are the best available materials *under the proposed permit revision.*" (R.155) (our emphasis).

Peabody argues that the ALJ erroneously found that Peabody had not sustained this burden. Peabody claims that it sustained its burden by proving the best available material when the original permit was issued and by showing DNR that the proposed revision did not affect what the best available material is. Although Peabody argues that the best available material is not affected by the revision, the ALJ apparently questioned whether Peabody's revision affected the best available material and therefore required Peabody to show what the best available material is under the proposed revision.

■ Indiana Code 13–4.1–4–3(a) provides: "The director [of DNR] may not approve a permit or *revision application* unless the *application affirmatively demonstrates* and the director finds that:

(1) the permit application is accurate and complete and in compliance with all the requirements of this article;

(2) the applicant has demonstrated that reclamation as required by this article can be accomplished under the reclamation plan contained in the permit application;

\*    \*    \*    \*    \*    \*"

(Our emphasis). Clearly, this provision puts the burden on Peabody to show that its proposed revision on use of the best available material will be in compliance with SMCRA. Whether what constitutes the "best available material" under 310

IAC 12–5–64.1 is affected by where the best available material is going to be put is a determination best left to the agency in charge of enforcing the SMCRA and its accompanying rules and regulations. Here, Peabody's argument to the contrary notwithstanding, the ALJ determined that Peabody's proposed revision might impact on the choice of best available material and therefore required to Peabody to show what it considered the best available material to be under the revision. We accord great deference to the ALJ's implicit determination that the best available material could have been impacted by the proposed revision. Accordingly, we cannot say that the ALJ's decision requiring Peabody to carry the burden of proof as to the best available material under the proposed revision is arbitrary or capricious. The trial court properly affirmed the decision of the ALJ.

AFFIRMED.

SHARPNACK, C.J., and ROBERTSON, J., concur.