**BARCO BEVERAGE CORPORATION, DeKalb Distributing Company, and Lincoln Hills Beverage Company, Appellants, (Plaintiffs Below)**

v.

**INDIANA ALCOHOLIC BEVERAGE COMM., Harry K. Wick, Individually and as Chairman of the Indiana Alcoholic Beverage Commission; Mary Jane McMahon, Individually and as Commissioner of the Indiana Alcoholic Beverage Commission; James E. Courtney, Individually and as Commissioner of the Indiana Alcoholic Beverage Commission; A. Vandeveer, Individually and as Commissioner of the Indiana**

Alcoholic Beverage Commission; Anheuser–Busch, Inc.; Miller Brewing Company; The Stroh Brewery Company; Indiana Liquor Stores Assn., Inc.; Indiana Retail Council, Inc.; Beermart, Inc.; Beerco., Inc.; and KEBE Enterprises, Inc., Appellees.

No. 49S02–9207–CV–531.

Supreme Court of Indiana.

July 7, 1992.

Phillip A. Terry, Brian K. Peters, McHale, Cook & Welch, Indianapolis, for appellants.

Charles E. Bruess, Stanley C. Finkle, Barnes & Thornburg, Indianapolis, for appellees Anheuser–Busch, Inc.

Philip J. Ripani, David J. Bodle, Scott E. Tarter, Henderson Daily Withrow & Devoe, Indianapolis, for appellees Indiana Liquor Stores Ass'n, Indiana Retail Council, Inc., Beermart, Inc., Beerco, Inc., KEBE Enterprises, Inc.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellees Indiana Alcoholic Beverage Com'n and the Com'rs.

Edward W. Harris III, Gordon L. Pittenger, Sommer & Barnard, Indianapolis, Thomas H. Milch, Arnold & Porter, Washington, D.C., for appellees Miller Brewing Co.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

The sole issue presented by this appeal is whether the Indiana Alcoholic Beverage Commission ("Commission") had authority to promulgate and enforce 905 I.A.C. 1–28–1(3) ("Rule 28"), which prohibits distillers, brewers, rectifiers, and vintners from restricting the sale or resale of their products to a given geographical area.[1] We con-

---

1. The pertinent part of Rule 28 provides:

It shall be unlawful for any person engaged in business as a distiller, brewer, rectifier, vintner, or other producer, importer, or as a wholesaler of liquor, wine, beer or malt beverages, directly or indirectly, or through an affiliate to:

(3) Product Distribution—Restrict by agreement or otherwise, the sale or resale of liquor, wine, beer or malt beverages to a given geographical area or to permittees, who are oth-

clude that the Commission does have such authority.

Three plaintiffs, Barco Beverage Corporation, DeKalb Distributing, and Lincoln Hills Beverage (collectively "Barco"), brought suit against the Commission in an attempt to have Rule 28 declared invalid. The suit quickly attracted a crowd, and the trial court allowed several trade associations and alcoholic beverage retailers (collectively "Intervenors") to intervene in the lawsuit as defendants. Eventually, cross motions for summary judgment were filed in which all parties concurred that no issues of material fact were presented and that the case could be decided by determining a question of law. The trial court entered judgment on its ruling that the Commission did not exceed its authority when it promulgated Rule 28.

Barco appealed. The Court of Appeals held that the Commission possessed the authority to promulgate Rule 28 as it relates to brewers, vintners, and wholesalers of beer and wine, but did not have the authority to include distillers, rectifiers, and liquor wholesalers within the scope of the rule. *Barco Beverage v. Ind. Alcoholic Beverage* (1990), Ind.App., 563 N.E.2d 658.

In reaching this conclusion, the Court of Appeals analyzed Indiana's statutory scheme of regulating the alcoholic beverage industry from the repeal of Prohibition in 1933 to the present. The court correctly concluded that (1) the legislature had neither expressly forbidden nor permitted the use of territorial limitations by alcoholic beverage wholesalers, and (2) although wholesalers had the right to sell alcoholic beverages anywhere in the state, the statutes did not guarantee that right or prohibit its alienation. 563 N.E.2d at 662. Although the statutes were silent as to territorial limitations, the court nonetheless determined that Article 7.1 enunciated a specific public policy supporting the promulgation of Rule 28 as it related to brewers

and vintners, but not as to distillers or rectifiers. The court noted that *Ind.Code* § 7.1–5–9–2(a)-(b) (1988) makes it unlawful for the holder of a brewer's permit or a vintner's permit to "hold, acquire, possess, own, or control, or to have an interest, claim, or title in or to an establishment, company, or corporation holding or applying for a beer (wine) wholesaler's permit under this title, or in its business." In contrast, *Ind.Code* § 7.1–5–9–8, governing distillers and rectifiers, provides that they "may not own, acquire, or possess a permit to sell liquor at wholesale" and "may not have an interest in the business of a permittee who is authorized to sell beer, liquor, or wine at wholesale or retail." The difference between the statutes is that a brewer or vintner may not "control" a wholesaler, but a distiller or rectifier is not specifically prohibited from having "control" over a wholesaler. Thus, reasoned the Court of Appeals, the Commission could prevent brewers and vintners from "controlling" wholesalers by contractually limiting the territories in which wholesalers could sell the beverages, but could not prevent a distiller or rectifier from doing so. Therefore, the court concluded that Rule 28 was a valid regulation within the scope of the statute as to brewers and vintners, but not as to distillers, rectifiers, and liquor wholesalers. On rehearing, the Court of Appeals attempted to clarify the type of "control" that is prohibited, but denied the petitions for rehearing. *Barco Beverage v. Alcoholic Bev. Com'n.* (1991), Ind.App., 571 N.E.2d 306. Barco Beverage and several of the Intervenors now seek transfer. We accept transfer, vacate the opinions of the Court of Appeals, and affirm the trial court.

We hold that applying principles of administrative law to Title 7.1 of the Indiana Code (Alcoholic Beverages) results in a determination that the legislature's grant of power to the Commission is sufficiently comprehensive to grant the Commission authority to promulgate and enforce Rule 28.

erwise entitled to buy, within a given geographical area. This section shall not be deemed to prohibit the designation of an "area of primary responsibility", however, ef-

forts to restrict sales to only the designated area of primary responsibility are deemed to be prohibited.

## I. *History of Rule 28*

A brief history of the law of territorial limitation in Indiana may help in understanding the conception and life of Rule 28. Between 1933, the repeal of Prohibition, and 1967, Indiana statutes at various times either prescribed or proscribed territorial limitations on wholesalers of alcoholic beverages. In 1967, the United States Supreme Court decided *United States v. Arnold Schwinn & Company* (1967), 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249. In *Schwinn,* the Supreme Court determined that any contractual agreement that restricted dealers and distributors (including alcoholic beverage wholesalers) to a geographic territory was illegal and a *per se* violation of the Sherman Antitrust Act. Thus, the Sherman Antitrust Act was held to prohibit territorial restrictions, and such restrictions found in the contracts between alcoholic beverage manufacturers and wholesalers were conceded to be unenforceable.

In 1973, the Indiana General Assembly enacted Title 7.1, Alcoholic Beverages. Although *Ind.Code* § 7.1-2-3-7 gave the power to establish rules and regulations to effectuate the purposes of Title 7.1 as enunciated in *Ind.Code* § 7.1-1-1-1, the Commission did not promulgate any rule dealing with exclusive territorial arrangements until after the United States Supreme Court overruled the *Schwinn* holding in *Continental TV, Inc. v. GTE Sylvania, Inc.* (1977), 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568. Thereafter, the Commission promulgated Rule 28 to become effective March 1979. In that same year and again in 1981, House Bills imposing geographic territories on beer wholesalers were defeated.

In 1982, the Commission held a well-attended hearing to consider the continuation or repeal of Rule 28. At that hearing, retailers testified that during Indiana's experience with exclusive territories, they were receiving virtually identical prices for comparable brands, and that price increases occurred "across the board". Retailers further testified that under exclusive territories product freshness was not a consideration and wholesalers failed to check code dates. Following these hearings, the Commission voted unanimously against repeal of Rule 28.

During the 1983 legislative session, an attempt was made to amend House Bill 1690. This amendment would have effectively removed the Commission's authority to promulgate Rule 28. This amendment was voted down in the House, and the bill was then passed without the amendment. Two years later, in 1985, another bill was introduced in the House seeking to invalidate Rule 28. It also failed to pass. In 1986, an attempt was made in the Senate to amend a Senate Bill in order to provide for exclusive territories for beer wholesalers. The present lawsuit was filed August 10, 1987, as an attempt to invalidate Rule 28, and the trial court's judgment refusing that attempt was entered July 13, 1988. Following that, during the 1989 legislative session, both houses passed a bill that would have overruled Rule 28 except as applied to liquor. This bill was vetoed by Governor Bayh and was defeated when again presented to both houses following the Governor's veto.

## II. *Constitutionality of Rule 28*

■ Barco does not question the constitutionality of Title 7.1. Instead, Barco argues that if Rule 28 is allowed to stand, it represents an unconstitutional violation of the separation of powers required by Article 3 Section 1 of the Indiana Constitution. Article 3 Section 1 provides: "The powers of the Government are divided into three separate departments; the Legislative, the Executive, including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Barco argues that the promulgation of Rule 28 allows the administrative department of government to set and establish policy which, under our constitution, belongs solely and exclusively to the legislative branch.

This Court has held that the legislature may constitutionally delegate rule-making powers to an administrative agency if that

delegation is accompanied by sufficient standards to guide the agency in the exercise of its statutory authority. As this Court said in *Taxpayers' Lobby of Indiana, Inc. v. Orr* (1974), 262 Ind. 92, 103, 311 N.E.2d 814, 819: "The only limitation on the delegation of authority to administrative bodies is that reasonable standards must be established to guide the administrative body. The standards, however, only need to be [as] specific as the circumstances permit, considering the purpose to be accomplished by the statute." Further, our research reveals that the similar separation of powers doctrine premised on the national constitution has been utilized only twice in the entire history of the United States, with both cases being decided in 1935. *Panama Refining Co. v. Ryan* 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935); *Schechter Poultry Corp. v. United States* 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935). Although delegations to private parties have been invalidated by the United States Supreme Court, the above two cases are the only holdings of that Court that declared unconstitutional a delegation to governmental authorities. 1 *Davis, Administrative Law Treatise,* § 3:2 (2d ed. 1978). We agree with the 1974 observation of Justice Marshall that, "the notion that the Constitution narrowly confines the power of Congress to delegate authority to administrative agencies, which was briefly in vogue in the 1930s, has been virtually abandoned by the Court for all practical purposes...." *Federal Power Comm. v. New England Power Company,* 415 U.S. 345, 352–53, 94 S.Ct. 1151, 1156, 39 L.Ed.2d 383, 391 (1974).

With this background in mind, we next examine whether the general assembly delegated sufficiently reasonable standards to the Commission in order to guide the Commission in its promulgation of rules and regulations.

Title 7.1 provides the general purposes of the title, gives the Commission power to promulgate rules and regulations governing the conduct of the business of permittees, and grants the Commission the authority to exercise all powers "necessary and proper" to carry out the title's policies. Specifically, *Ind.Code* § 7.1–1–1–1 sets forth the general purposes of the Title: "(a) to protect the economic welfare, health, peace and morals of the people of this state; (b) to regulate and limit the manufacture, sale, possession, and use of alcohol and alcoholic beverages; and, (c) to provide for the raising of revenue." Secondly, *Ind.Code* § 7.1–2–3–7 provides that: "The commission shall have the power to promulgate rules and regulations governing: ... (c) The conduct of the business of a permittee authorized or governed by the provisions of this title...." Thirdly, *Ind. Code* § 7.1–2–3–31 provides that: "The commission and the chairman shall have, in addition to the express powers enumerated in this title, the authority to exercise all powers necessary and proper to carry out the policies of this title and to promote efficient administration by the commission."

In summary, the legislature established the purpose of the Act and provided that the Commission shall have the power to promulgate rules and regulations governing the conduct of the business of wholesalers and to "exercise all powers necessary and proper to carry out the policies of this title." We hold that these expressed policies and delegation of powers set forth by the Indiana General Assembly provide sufficient standards or guidelines to enable the Commission to constitutionally enact a rule prohibiting exclusive territorial limits on the right of wholesalers to sell alcoholic beverages throughout the State of Indiana.

### III. *Statutory Delegation*

■ In addition to arguing that the Commission's promulgation of Rule 28 is unconstitutional, Barco also argues that the Commission exceeded its statutory authority in promulgating Rule 28. We disagree. It is a well-settled principle of law that an administrative agency, in addition to the express powers conferred by statute, also has such implicit power as is necessary to effectuate the regulatory scheme outlined by the statute. *Board of Trustees of the Police Pension Fund of the City of Terre Haute v. State* (1966), 247 Ind. 570, 576, 219 N.E.2d 886, 890; *Ind. Public Service v. Citizens Action Coalition* (1989), Ind., 548 N.E.2d 153, 158. In the present case, the legislature specifically granted the Com-

mission the power to regulate the business of permittees. Acting upon that authority, the Commission promulgated Rule 28 which, in practice, fosters competitiveness between wholesalers in that they must vie against each other statewide in the sale of their products. This competition, in turn, according to the 1982 hearings, creates a fresher, less expensive product for the consumer in Indiana. In view of the fact that the legislature set forth the general purpose of the Act and gave the Commission specific power to promulgate rules governing the conduct of the business of permittees governed by the Act, as well as all powers necessary and proper to carry out the policy of the Act, we hold that the Commission's promulgation of Rule 28 was not outside the statutory authority conferred upon it by the legislature.

*Conclusion*

Had the legislature believed that Rule 28 was not in conformance with its policy or was outside of the powers delegated to the Commission, it has had several opportunities either to repeal Rule 28 or to amend the statute so as to deny the Commission the power to promulgate such a rule. Ultimately, the legislature has rejected these options, giving credence to the Commission's argument that Rule 28 is valid because of legislative acquiescence. However, we need not rely on legislative acquiescence to determine that the legislature, in Title 7.1, established the general purposes of the act and conferred upon the Commission the authority not only to regulate the business of permittees, but also to exercise all powers necessary and proper to carry out those purposes. The Rule passes both constitutional and statutory muster.

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., not participating.