**STATE BOARD OF REGISTRATION FOR LAND SURVEYORS, Appellant–Respondent,**

v.

**Bradley R. BENDER, Appellee–Petitioner.**

**No. 40A05–9303–CV–76.**

Court of Appeals of Indiana, Fifth District.

Dec. 20, 1993.

Pamela Carter, Atty. Gen., James F. Schmidt, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-respondent.

Robert L. Barlow, II, Cooper, Cox, Barlow & Leininger, Madison, for appellee-petitioner.

RUCKER, Judge.

The State Board of Registration for Land Surveyors denied Bradley Bender's application to take the Land Surveyors Examination on grounds that Bender lacked certain educational requirements which the Board had adopted. On review, the trial court found that by adopting the requirements the Board had exceeded its statutory authority. The trial court vacated the decision determining that it was unsupported by substantial evidence and that the Board acted arbitrarily, and abused its discretion. Finding Bender qualified, the trial court ordered the Board to permit Bender to take the test. The Board now appeals raising the following issues for our review:

1. Did the trial court err in holding that the Board's rule stating specific educational requirements for admission to the Land Surveyors Examination was in excess of statutory authority?

2. Did the trial court err in holding that the Board's denial of Bender's application for admission to the Land Surveyors Examination was arbitrary, an abuse of discretion, and unsupported by substantial evidence?

3. Did the trial court err in determining Bender was qualified to sit for the examination and ordering the Board to admit Bender to take the examination?

We reverse.[1]

On December 29, 1983, Bender submitted his first application to take the Land Surveyors Examination. In a letter dated March 9, 1984, the Board advised Bender that his application was being denied because of inadequate work experience. The letter indicated that Bender needed three and one-half years of additional work experience and instructed him to resubmit the application at least four months before the Fall of 1987. Apparently Bender obtained additional work experience but he did not submit his second application until October 1990.

In a letter dated February 28, 1991, the Board denied Bender's application because Bender lacked the educational requirements set forth in 864 IAC 1.1–2–3(b) which had taken effect January 1, 1988.[2] Bender sought administrative review of the decision. On September 27, 1991, an Administrative Law Judge entered an order denying Bender's application for admission to the Land Surveyors Examination. Thereafter, Bender appealed the ALJ's decision to the Full Board. On January 24, 1992, the Full Board entered a Final Order also denying Bender's application.

---

1. Because we reverse on issues one and two, we need not address issue three.

2. Effective July 1, 1991, 864 IAC 1.1–2–3 was recodified as 865 IAC 1–2–1.

Bender then filed a Petition For Review Of Final Order of Administrative Agency in the Jennings Circuit Court. After conducting a hearing, the trial court entered an Order vacating the Board's decision, determining that Bender was qualified to sit for the Land Surveyors Examination, and directing the Board to permit Bender to take the examination. The trial court's Order was supported by findings of fact and conclusions of law which dictated among other things: (1) the educational requirements established by the Board were in excess of its statutory authority, (2) by treating Bender differently from another applicant who was similarly situated, the Board's decision was arbitrary, an abuse of discretion and unsupported by substantial evidence, and (3) by denying Bender the right to sit for the Land Surveyors Examination after advising him to obtain three and one-half years additional work experience, the Board's action was arbitrary, an abuse of discretion and unsupported by substantial evidence. This appeal ensued in due course.

## I.

The Board first contends the trial court erred in finding that the Board had exceeded its statutory authority. Indiana Code § 25–31–1–12 [3] dictates in relevant part:

> (b) The following shall be considered as minimum evidence that the applicant is qualified for registration as a land surveyor:
>
> (1) Graduation in an approved land surveying curriculum of four (4) years or more which includes the fundamentals of land surveying, and a specific record of four (4) years or more of experience in land surveying work acquired subsequent to graduation, which experience indicates that the applicant is qualified to be placed in responsible charge of land surveying work requiring the exercise of judgment in the application of surveying sciences to the sound solution of land

surveying problems, and the successful passing of an examination as provided for in section 14 of this chapter; or

> (2) A specific record of eight (8) years or more of land surveying education and experience in land surveying work, which indicates that the applicant has acquired knowledge and skill and practical experience in land surveying work approximating that required for registration as a professional land surveyor under the provisions of subsection (b)(1) of this section; and the successful passing of an examination as provided for in section 14 of this chapter.

The Board is empowered to enforce and administer the foregoing statute by "mak[ing] such rules, not inconsistent with the constitution and laws of this state, as may be reasonably necessary for the proper performance of its duties and the regulations of the proceedings before it. The board shall adopt rules establishing standards for the competent practice of . . . land surveying." Ind.Code § 25–31–1–7. When the Legislature defines its policy and prescribes a standard by means of legislative enactment, it is not an improper delegation of authority to leave to the administrative agency the task of formulating reasonable rules and regulations. *Podgor v. Indiana University* (1978), 178 Ind.App. 245, 381 N.E.2d 1274. In addition to the express powers conferred by statute, an administrative agency also has such implicit power as is necessary to effectuate the regulatory scheme outlined by the statute. *Barco Beverage Corp. v. Indiana Alcoholic Beverage Comm'n* (1992), Ind., 595 N.E.2d 250, 254. As a creature of the Legislature an administrative agency's rule-making powers are limited to those conferred on it by the General Assembly. *Fort Wayne Educ. Ass'n, v. Aldrich* (1988), Ind.App., 527 N.E.2d 201.

---

**3.** Ind.Code § 25–31–1–12 was amended effective July 1, 1991, and recodified as Ind.Code § 25–21.5–5–2. The statutory provisions at issue in this case have remained substantially un-

changed. In any event Bender's application was filed prior to the amendment and thus Ind.Code § 25–31–1–12 is applicable here.

In conformance with its perceived legislative mandate the Board adopted 864 IAC 1.1–2–3 which dictates in relevant part:

(b) Effective January 1, 1988, an applicant for registration as a land surveyor who lacks [either a Doctorate, Master's or Bachelor's degree in a land surveying curriculum] shall not be deemed to have sufficient special knowledge of mathematics and surveying principles and methods to qualify him to be placed in responsible charge of land surveying work requiring the exercise of judgment in the application of surveying sciences to the sound solution of land surveying problems *unless* he can show proof that he has acquired the requisite experience together with a minimum level of education whereby he has been credited with the successful completion of:

(1) at least twelve (12) semester credit hours or the equivalent thereof in college level mathematics which must include calculus and/or differential equations; and

(2) at least eight (8) semester credit hours or the equivalent thereof in college level physical sciences; and

(3) at least twelve (12) semester credit hours or the equivalent thereof in college level fundamentals of land surveying.

This minimum level of education must be combined with proof of no less than seven (7) years of the applicant's experience in land surveying meeting the qualitative experience standards of IC 25–31–1–12(b)(2) in order for the applicant to be qualified for registration as a land surveyor.

(Emphasis added.)

According to the Board, the educational requirements are entirely consistent with the statutory scheme under which the Board operates. Bender counters that for noncollege graduates the statute merely requires that the applicant have a combination of eight (8) years or more of "land surveying education and experience." *See* IC 25–31–1–12. Conceding that he has no college level credit hours in fundamentals of land surveying, mathematics or physical sciences, Bender argues such courses are not required by statute and by adopting a requirement to the contrary, the Board has attempted to impose additional and different minimum educational requirements.

 In determining the validity of an administrative rule, the only concern of the court is to ascertain whether the will of the Legislature has been obeyed. *Van Allen v. State* (1984), Ind.App., 467 N.E.2d 1210. On review, the court must consider whether the rule lies within the scope of the authority conferred, whether the regulation is consistent with and reasonably necessary to carry out the purposes of the statute, and whether the rule is reasonable. *Id.* at 1213.

 "Land Surveyor" is defined as a "person who, by reason of his *special knowledge of mathematics and surveying principles and methods* which are *acquired by education* and practical experience, is qualified to engage in the practice of land surveying as attested by his registration as a land surveyor." Ind.Code § 25–31–1–2(e) (emphasis added). The Legislature has authorized the State Board of Registration to "adopt rules establishing standards for the competent practice of ... land surveying." IC § 25–31–1–7. Those standards necessarily include specific educational requirements. It is true, as Bender asserts, the enabling legislation requires noncollege graduates to have a combination of eight (8) years or more of land surveying education and experience. However, other than stating that the education must indicate that an applicant has acquired the knowledge, skill, and practical experience in land surveying work approximating that required of a degreed applicant, the statute is silent on the quality, quantity, or meaning of a "land surveying education." *See* IC § 25–31–1–12. If the Board had not adopted ascertainable educational standards, then any decision denying an applicant the opportunity to take the Land Surveyors Examination on educational grounds would violate due process. The requirement of ascertainable standards is designed to make certain that administra-

tive decisions are fair, orderly and consistent rather than irrational and arbitrary. *Community Care Ctrs. v. Indiana Dep't of Pub. Welfare* (1988), Ind.App., 523 N.E.2d 448, 450 citing *Podgor*, 178 Ind. App. at 258, 381 N.E.2d at 1283.

By adopting a regulation outlining specific educational requirements, the Board acted within the scope of its statutory authority. Further, we find the regulation reasonable and consistent with and necessary to carry out the purposes of the statute. The trial court's ruling to the contrary is erroneous and must be reversed.

## II.

The Board next contends the trial court erred in determining that its denial of Bender's application was arbitrary, an abuse of discretion, and unsupported by substantial evidence. The trial court's determination was twofold: (1) by treating Bender differently from another applicant who was similarly situated, the Board's decision was arbitrary, an abuse of discretion and unsupported by substantial evidence, and (2) by denying Bender the right to sit for the Land Surveyors Examination after advising him to obtain three and one-half years additional work experience, the Board's decision was also arbitrary, an abuse of discretion and unsupported by substantial evidence.

■ On review of administrative agency action, we stand in the position of the trial court, conducting review solely to determine whether the agency had jurisdiction over the subject matter of the case, whether the agency's order was based on proper procedure and supported by substantial evidence, whether the decision was arbitrary and capricious, or whether the decision was in violation of any constitutional, statutory, or legal principles. Ind. Code § 4-21.5-5-14; *Indiana Dep't of Human Servs. v. Firth* (1992), Ind.App., 590 N.E.2d 154, *trans. denied.* Both this court and the trial court are prohibited from reweighing evidence and reassessing witness credibility; we must accept the facts as found by the administrative body. *Id.* If an administrative determination was based

upon substantial evidence and did not violate any constitutional, statutory or legal principle, it will be affirmed. *Phegley v. Indiana Dep't of Highways* (1990), Ind. App., 564 N.E.2d 291, *trans. denied.* Action of an administrative agency is arbitrary and capricious only where there is no reasonable basis for the action. *Board of Trustees of Pub. Employees' Retirement Fund v. Baughman* (1983), Ind.App., 450 N.E.2d 95. The relevant inquiry is whether there is substantial evidence of probative value to support the agency's determination. *Indiana Dep't of Pub. Welfare v. Crescent Manor, Inc.* (1981), Ind.App., 416 N.E.2d 470, 474.

■ The record shows that on May 3, 1985, William E. Pettit submitted an application to take the Land Surveyors Examination. In a letter dated September 4, 1985, the Board advised Pettit that his application was being denied because of inadequate work experience. The letter indicated that Pettit needed three years additional work experience and instructed him to resubmit the application by the Spring of 1988. Pettit obtained additional work experience and submitted a second application February 3, 1988. In a letter dated August 18, 1988, the Board denied Pettit's application for the reason that Pettit lacked the educational requirements set forth in 864 IAC 1.1-2-3(b) which had taken effect January 1, 1988. Pettit sought administrative review of the decision and an ALJ entered an order deeming Pettit to have fulfilled all requirements for admission to the Land Surveyors Examination. Thereafter, the Full Board adopted and affirmed the ALJ's decision.

Bender argues the facts in his case are strikingly similar to the facts in the Pettit case. Therefore, Bender contends, the trial court correctly determined that the Board acted arbitrarily, without substantial evidentiary support, and abused its discretion by treating Bender differently from Pettit who was similarly situated.

We first note there was no judicial review of the Pettit decision. We can only speculate whether the Board's determina-

tion would have been sustained by the trial court or this court on appeal. Certainly if the Board's decision were erroneous, future boards would not then be forever bound to make the same erroneous decision. In any event, the question is not whether the Board acted arbitrarily, abused its discretion and acted without substantial evidentiary support in treating Bender differently than it treated Pettit. Rather, the relevant inquiry is whether there was a reasonable basis for the Board's denial of Bender's application and whether substantial evidence of probative value supported the denial. *Baughman,* 450 N.E.2d at 98; *Crescent Manor, Inc.,* 416 N.E.2d at 474. Both inquiries must be answered in the affirmative. The record is clear that Bender was not qualified to take the Land Surveyors Examination because he did not have the requisite minimum educational requirements. The Board properly denied Bender's application and the trial court's ruling to the contrary cannot be sustained.

 In like fashion, the Board did not act arbitrarily, without substantial evidentiary support or abuse its discretion by denying Bender the right to sit for the Land Surveyors Examination after advising him to obtain three and one-half years of additional work experience. The letter advising Bender to obtain additional work experience specifically stated "The Board concurred that you need 3–1/2 additional years of work experience, pertaining to Land Surveying. Your application will be terminated, however you may resubmit an application at least four months prior to the Fall 1987 examination." *Record* at 63. First, the letter was not a guarantee that Bender's application would be accepted. Second, Bender did not resubmit his application by the Fall of 1987. Rather, he resubmitted the application in October 1990.

Prior to February 1988, the "Rules of the Board" which were not codified in the IAC dictated in relevant part that when an applicant had not graduated from a four-year land surveying curriculum, then "[S]uch applicant will be required to submit evi-

dence of more than four years of land surveying experience." There were no specific educational requirements for a nondegreed applicant. Thus, it is very possible that if Bender had timely submitted his application, then the application may have been accepted. However, effective February 1, 1988, the Board adopted specific educational requirements for nondegreed applicants which were codified in 864 IAC 1.1–2–3. Bender concedes that he was aware of the requirement at the time his application was submitted over two years later. *Brief of Appellant* at 14. Again, the Board properly denied Bender's application and the trial court's ruling to the contrary cannot be sustained.

Judgment reversed.

BARTEAU and STATON, JJ., concur.