**CHARLES A. BEARD CLASSROOM TEACHERS ASSOCIATION and Indiana Education Employment Relations Board, Appellants–Respondents,**

v.

**BOARD OF SCHOOL TRUSTEES OF the CHARLES A. BEARD MEMORIAL SCHOOL CORPORATION, Appellee–Petitioner.**

No. 33A05–9403–CV–79.

Court of Appeals of Indiana,
Fifth District.

Feb. 20, 1995.

Richard J. Darko, Susan P. Stuart, Lowe Gray Steele & Hoffman, Pamela Carter,

Atty. Gen., Beth H. Henkel, Deputy Atty. Gen., Indianapolis, for appellants.

E. Edward Dunsmore, Peyton & Dunsmore, Knightstown, for appellee.

BARTEAU, Judge.

The Indiana Education Employment Relations Board (IEERB) and the Charles A. Beard Classroom Teachers Association (Teachers Association) appeal the order of the Henry Circuit Court setting aside the IEERB's order in favor of the Teachers Association and directing the IEERB to affirm the decision of the Hearing Examiner.

## FACTS

The Teachers Association filed a complaint with the IEERB against the Board of School Trustees of the Charles A. Beard Memorial School Corporation (School Corporation). The School Corporation filed a counter-complaint against the Teachers Association. Both parties alleged unfair practice. On October 16, 1991, a Hearing Examiner rendered findings and conclusions that dismissed both actions.

On October 29, 1991, the Teachers Association filed a Request for an Extension of Time in which to file a Notice of Intent to File Exceptions to the Hearing Examiner's decision. The request sought to extend the statutory 15-day time period in which parties must file objections. On October 31, 1991, the School Corporation objected to the Request for Extension of Time, arguing the IEERB did not have the authority to grant an extension. On November 1, 1991, the Chairman of the IEERB granted the extension of time and denied the School Corporation's objections stating:

> After reviewing the School Corporation's objections, the Chairman, John E. Lillich, observes that the School Corporation's contention is consistent with IEERB's interpretation of Rule 560 IAC 2-3-22(a). However, until IEERB can disseminate notice of its interpretation of that rule to those who practice before IEERB, no effort will be made to rigidly enforce that rule.

On November 12, 1991, the Teachers Association filed its Notice of Intent to File Exceptions. On December 3, 1991, the School Corporation filed a Motion to Dismiss for Lack of Jurisdiction, claiming the IEERB did not have authority to review the Hearing Examiner's decision. The IEERB determined that it could review the decision and denied the Motion to Dismiss. After completing its review, the IEERB set aside the decision of the Hearing Examiner and found that the School Corporation had committed an unfair practice.

The School Corporation then petitioned the court to review the IEERB's denial of its Motion to Dismiss. Upon judicial review, Judge Kellam of the Henry Circuit Court issued a thoroughly researched and well-reasoned Findings of Fact, Conclusions of Law and Judgment in favor of the School Corporation. The trial court found that the 15-day restriction is a jurisdictional limitation on the IEERB which the IEERB could not extend, and that the IEERB only had authority to affirm the decision of the Hearing Examiner.

## ISSUE

Whether the trial court erred in finding that the IEERB is without jurisdiction to set aside the Hearing Examiner's decision.

## DISCUSSION

■ The issue of an agency's jurisdiction is a question of law. *Indiana Util. Regulatory Comm'n v. Gary Joint Venture* (1993), Ind.App., 609 N.E.2d 7, 9, *reh'g denied*. When reviewing questions of law, the court is not bound by the agency's interpretations of law, and the court is free to determine any legal question which arises out of an administrative action. *Public Employees Retirement Fund v. Miller* (1988), Ind., 519 N.E.2d 732, 733.

■ Upon judicial review of an agency order, the court is limited, by statute, to determining whether the agency action is:

(1) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) Contrary to constitutional right, power, privilege, or immunity;

(3) In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

*Natural Resources Comm'n v. AMAX Coal Co.* (1994), Ind., 638 N.E.2d 418, 423 (citing Ind.Code 4–21.5–5–14(d)). The burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding who is asserting the invalidity. *Id.* The trial court concluded that the IEERB is without jurisdiction to review the Hearing Examiner's decision, under I.C. 4–21.5–5–14(d)(3).[1]

■■■ The IEERB, like all administrative agencies, derives its authority solely from the legislature. An agency's authority and jurisdiction are created and defined by statute, and an agency cannot exercise power beyond that given in its creation. *Adkins v. City of Tell City* (1993), Ind.App., 625 N.E.2d 1298, 1302. The jurisdiction of the IEERB is created through the joint operation of the IEERB's enabling Act, I.C. 20–7.5–1–9, and the Administrative Orders and Procedures Act (AOPA), I.C. 4–21.5–1–1, *et seq.* The IEERB is entrusted with the task of enforcing the statutory provisions governing Certificated Educational Employee Bargaining, I.C. 20–7.5–1–1, *et seq.* To assist the IEERB in fulfilling its objectives, our legislature has conferred upon the IEERB specific powers detailed in I.C. 20–7.5–1–9. However, none of the specific powers granted to the IEERB provide procedures for the IEERB's review of a Hearing Examiner's decision. Therefore, the provisions set forth by our legislature in the AOPA govern these procedures. I.C. 4–21.5–2–3.

■■■ The provision of the AOPA that is central to this appeal is I.C. 4–21.5–3–29, which states in relevant part:

(b) After an administrative law judge issues an order under section 27 of this chapter, the ultimate authority or its designee shall issue a final order:

(1) Affirming;

(2) modifying; or

(3) dissolving;

the administrative law judge's order.

(c) In the absence of an objection or notice under subsection (d) or (e), the ultimate authority or its designee shall affirm the order.

(d) To preserve an objection to an order of an administrative law judge for judicial review, a party must not be in default under this chapter and must object to the order in a writing that:

(1) identifies the basis of the objection with reasonable particularity; and

(2) is filed with the ultimate authority responsible for reviewing the order within fifteen (15) days (or any longer period set by statute) after the order is served on petitioner.

(e) Without an objection under subsection (d), the ultimate authority or its designee may serve written notice of its intent to review any issue related to the order. The notice shall be served on all parties.... The notice must identify the issues that the ultimate authority or its designee intends to review.

I.C. 4–21.5–3–29(b)–(e). In this case, the IEERB is the "ultimate authority," and the Hearing Examiner is the "administrative law judge." I.C. 4–21.5–1–15; 4–21.5–1–2.

Indiana Code 4–21.5–3–29(d) mandates that, in order for the IEERB to review the decision of a Hearing Examiner at the instance of an objection raised by one of the parties, the objection must be filed within 15 days after the Hearing Examiner's decision is served. Otherwise, I.C. 4–21.5–3–29(c) mandates that the IEERB *shall* affirm the Hearing Examiner's decision. Compliance

1. Appellants contend that the trial court should have looked to whether the IEERB's decision was arbitrary, capricious or an abuse of discretion under I.C. 4–21.5–5–14(d)(1), arguing that the jurisdiction of the IEERB is undisputed since the parties's complaints fall squarely within the "bailiwick" of the IEERB. However, the sub-

stantive claims raised in the complaints are not the subject of the petition for judicial review. At issue is whether the IEERB had jurisdiction to review the Hearing Examiner's decision when no objection was filed within the 15–day time period set by statute.

with the 15–day restriction is critical to the IEERB gaining authority to set aside or modify the Hearing Examiner's decision.

█ The law in Indiana is clear that parties and administrative agencies must strictly comply with time limits.

> [W]here a statute providing for judicial review of an administrative order or decision contains a requirement that notice of intention to appeal shall be filed within a certain time with a specific person, that strict compliance with the requirement is a condition to the acquiring of jurisdiction by the court of judicial review, and a noncompliance with the requirement is grounds for dismissal of the appeal.

*Teepe v. Review Bd. of the Ind. Employment Sec. Div.* (1964), 136 Ind.App. 331, 200 N.E.2d 538, 539. Appellants attempt to distinguish the case at bar by arguing that the rule in *Teepe* applies to the court *acquiring* jurisdiction to review an agency decision, rather than an agency *retaining* jurisdiction to review a case already before it.

We faced a similar situation in *Cano v. Review Bd. of the Ind. Employment Sec. Div.* (1987), Ind.App., 513 N.E.2d 670, *reh'g denied, trans. denied.* In *Cano,* the question arose as to whether a request for review of a referee's decision by the Review Board was timely filed under a statute providing that:

> The parties shall be duly notified of such [referee's] decision and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the board or the director or by any party adversely affected by such decision to the review board.

*Cano,* 513 N.E.2d at 672 (citing I.C. 22–4–17–3 (in relevant part)). Similar to the provisions of I.C. 4–21.5–3–29, the statute at issue in *Cano* required that, absent the filing of a request that the ultimate authority review the administrative law judge's decision, the

ALJ's decision shall become the final decision in the matter.

The *Cano* court held that the time constraint was a statutory limitation on the authority of the administrative agency:

> The rule is well-established in Indiana that where a statute providing for judicial review of an administrative order or decision contains a provision as to time for appeal, such provisions are mandatory as a condition precedent to the acquiring of jurisdiction of such an appeal.... [The failure of a party] to file a notice of intention to appeal the decision of the referee "within fifteen (15) days after the date of notification or mailing of the referee's decision" would be a fatal noncompliance, preventing the Review Board from acquiring jurisdiction over the parties or the case.

*Cano,* 513 N.E.2d at 672; *see also Monon R. Co. v. Citizens of Sherwood Forest Addition, Marion County* (1970), 146 Ind.App. 620, 626–27, 257 N.E.2d 846, 850.

Appellants's argument that the rule requiring strict compliance with time constraints on the court's acquisition of jurisdiction does not apply to the IEERB's retention of jurisdiction is not persuasive. The AOPA specifically states that, in order for an agency to modify or dissolve the decision of an administrative law judge at the instance of a party, an objection must be filed within 15 days or the agency must issue a notice of its intent to review the decision. I.C. 4–21.5–3–29(c)–(e).[2] As Judge Kellam noted:

> *I.C. 4–21.5–3–27(g)* requires that a copy of the Administrative Law Judge's Order be delivered to the IEERB, as the ultimate authority. In the Court's view the act of delivering a copy is not what gives the IEERB jurisdiction to affirm, modify or dissolve the Administrative Law Judge's Order. That jurisdiction only arises where a party files a timely objection pursuant to *I.C. 4–21.5–3–29(d);* or where a party or parties fail to file objections pursuant to sub-section (d), the IEERB serves a writ-

---

2. The AOPA also includes a procedure through which an agency may review an ALJ's decision upon its own volition. I.C. 4–21.5–3–29(e). Appellants ask that we construe the facts in the record in order to find that the IEERB issued a

notice of intent to review the Hearing Examiner's decision. The trial court correctly determined that the facts in the record do not allow for such a finding.

ten notice of intent to review, pursuant to sub-section (e). In the event neither occurs, sub-section (c) provides that the IEERB or its designee *shall* affirm the order (of the Administrative Law Judge). In the latter instance, the only jurisdiction afforded to the IEERB by statute is to affirm the Administrative Law Judge's Order.

R. 174. This case is not a matter of the IEERB retaining jurisdiction. Rather, the IEERB, like the court, must acquire jurisdiction to modify or dissolve the Hearing Examiner's decision by adhering to statutory requirements and time limitations.

This is in accord with the recent decision of our supreme court in *Claywell v. Review Bd. of the Ind. Dep't of Employment and Training Serv.* (1994), Ind., 643 N.E.2d 330. In *Claywell,* the Court found that the affirmative act of timely filing an assignment of errors was a "bright line rule" establishing the jurisdiction of the court to review the agency's decision. *Claywell,* 643 N.E.2d at 330–31. Similarly, I.C. 4–21.5–3–29 creates a "bright line rule" establishing the jurisdiction of the IEERB to modify or dissolve the decision of the Hearing Examiner, based upon the occurrence of one of two affirmative acts: (1) a party filing a notice of objection within 15 days after the Hearing Examiner's decision is served, or (2) on its own volition, the IEERB issuing a notice of intent to review the Hearing Examiner's decision. I.C. 4–21.5–3–29(d)–(e). If neither occurs, the IEERB's only authority is to affirm the Hearing Examiner's decision. I.C. 4–21.5–3–29(c).

It is undisputed that the Teachers Association did not file its Notice of Intent to File Exceptions within 15 days after the Hearing Examiner's Report was served. The IEERB had granted the Teachers Association an extension of time to file. Appellants argue that its filing was timely and proper because our legislature has granted the IEERB the power to extend the 15–day filing period through the authority created in I.C. 20–7.5–1–9(f)(9), which authorizes the IEERB to enact procedural rules.

Under this provision the IEERB has enacted several related administrative rules.

One such rule contains requirements similar to those in I.C. 4–21.5–3–29(d):

> *560 I.A.C. 2–3–22 Exceptions, briefs, and time for filing*
>
> (a) Notice of intent to file exceptions. To preserve an objection before the board, a party must file a notice of intent to file exceptions to the hearing examiner's report within fifteen (15) days after the report is served on the petitioner. The notice of intent shall identify the basis of the objection with reasonable particularity.

Ind.Admin.Code tit. 560, r. 2–3–22(a) (1992). In addition to this, the IEERB also has created procedures through which it can grant extensions of time:

> *560 IAC 2–6–4 Requests for extension of time*
>
> Unless otherwise stated in 560 IAC 2 [*this article* ], a request for extension of time shall be made two (2) days before the deadline date. If a request for an extension of time is granted, it shall automatically extend the time for all other parties. For good cause shown, a request for extension of time may be granted after the time has passed.

560 I.A.C. 2–6–4.

> *560 IAC 2–6–8 Time limits*
>
> (a) How certain time limits are set. In instances where 560 IAC 2 [this article], IC 20–7.5–1, and IC 4–21.5–3 do not provide a time by which an act must be accomplished, the chairman, hearing officer, hearing examiner, board, or agent of the board may set the time. For good cause shown, the chairman, hearing officer, hearing examiner, board, or an agent of the board may also extend the time by which an act may be accomplished.

560 I.A.C. 2–6–8. Appellants argue that these rules ostensibly create a procedure through which the IEERB may extend the 15–day time limit mandated by I.C. 4–21.5–3–29(d).

As a matter of law the IEERB's regulations allowing for the extension of time are invalid in their application to I.C. 4–21.5–3–29. The AOPA states that "an agency may adopt rules, under IC 4–22–2, concerning the nature and requirements of all procedures

for requesting a proceeding or engaging in a proceeding, *so long as the rules are not inconsistent with this article.*" I.C. 4–21.5–3–35 (emphasis added). The regulations enacted by the IEERB that would allow the IEERB to extend the mandatory 15–day time limit in I.C. 4–21.5–3–29 are inconsistent with the AOPA and are beyond the authority of the IEERB. The regulations are therefore void as applied in this case.[3]

■■■ It is fundamental that an agency cannot take an action through its rule making procedures which the legislature has reserved for itself, and an agency cannot extend the scope of its own powers and jurisdiction.

> Rules and regulations promulgated by administrative boards must be reasonable and reasonably adapted to carry out the purpose or object for which these boards were created. *Financial Aid Corp. v. Wallace,* (1939) 216 Ind. 114, 23 N.E.2d 472; 125 A.L.R. 736; *Indiana Employment Security Division v. Ponder,* (1950) 121 Ind.App. 51, 92 N.E.2d 224. Boards cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature, or create a rule out of harmony with the statute. *Ponder, supra.* If the rules are in conflict with the state's organic law, or antagonistic to the general law of the state or "opposed to the fundamental principles of justice, or inconsistent with the powers confer[r]ed upon such boards," they are invalid. *Blue v. Beach,* (1900) 155 Ind. 121, 131, 56 N.E. 89, 93, 50 A.L.R. 64.

*Potts v. Review Bd. of Ind. Employment Sec. Div.* (1982), Ind.App., 438 N.E.2d 1012, 1015–16. Indiana Code 4–21.5–3–29(d) allows deviations from the 15–day period only if "set by

statute," thus reserving the authority to enlarge the 15–day period solely to our legislature. To allow the IEERB to enlarge the 15–day period in I.C. 4–21.5–3–29(d) would be tantamount to allowing the IEERB to enlarge its own jurisdiction.[4]

■■■ Finally, Appellants argue that even if the IEERB was without jurisdiction to review the decision of the Hearing Examiner, the decision of the IEERB should be upheld nonetheless because the School Corporation was not prejudiced by the IEERB's review. This argument is without merit. In this case, the IEERB only has authority to affirm the decision of the Hearing Examiner. Where a statute prescribes specifically how an act shall be performed by an agency, or prohibits an agency action, an agency action that goes beyond its authority is void. *See Adkins,* 625 N.E.2d at 1302; *Campbell v. Brackett* (1910), 45 Ind.App. 293, 90 N.E. 777. The IEERB was not authorized to modify or dissolve the Hearing Examiner's decision and its order setting aside the decision is a nullity.

### CONCLUSION

■■■ The IEERB gains the authority to modify or dissolve the decision of the Hearing Examiner upon the occurrence of one of two affirmative acts: (1) a party filing an objection within 15 days after the Hearing Examiner's decision is served, or (2) the IEERB issuing a notice of intent to review the Hearing Examiner's decision. Otherwise, the IEERB's jurisdiction over the matter is limited to the power to affirm the decision of the Hearing Examiner. The record demonstrates that the Teachers Association did not file its Notice of Intent to File Exceptions within the mandatory 15–day pe-

---

**3.** Appellants argue that to hold that the IEERB cannot grant an extension of time now would create a change in the IEERB's interpretation and application of its regulation, which can only be enforced after giving sufficient notice, because the IEERB has routinely granted extensions of time in the past. This argument is unpersuasive. The issue here is not whether the IEERB has changed its interpretation of its regulations, but whether the agency has acted outside its statutory authority.

**4.** We note that our Second District recently held that it was an abuse of discretion for the Indiana Civil Rights Commission to deny a party's motion for extension of time to file objections under I.C. 4–21.5–3–29(d). *Indiana Civil Rights Comm'n v. Delaware County Circuit Court* (1994), Ind.App., 642 N.E.2d 541. We do not endeavor to distinguish or harmonize this opinion with the decision of the Second District because the *Delaware County* case concerned a different administrative agency, and the Second District did not balance the procedures set forth in the ICRC enabling Act with those found in the AOPA.

riod, and that the IEERB did not issue a notice of intent to review. The trial court correctly determined that the IEERB's only authority is to affirm the decision of the Hearing Examiner.

AFFIRMED.

NAJAM, J., concurs.

RUCKER, J., concurs in result.