**CHARLES A. BEARD CLASSROOM TEACHERS ASSOCIATION, and Indiana Education Employment Relations Board, Appellants,**

v.

**BOARD OF SCHOOL TRUSTEES OF THE CHARLES A. BEARD MEMORIAL SCHOOL CORPORATION, Appellee.**

No. 33S05–9507–CV–797.

Supreme Court of Indiana.

Aug. 6, 1996.

Richard J. Darko, Susan P. Stuart, Lowe Gray Steele & Hoffman, Indianapolis, for Appellant Charles A. Beard Classroom Teachers Association.

Pamela Carter, Attorney General of Indiana, Beth H. Henkel, Deputy Attorney General, for Appellant Indiana Education Employment Relations Board

E. Edward Dunsmore, Peyton & Dunsmore, Knightstown, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

We address a conflict which has emerged in the opinions of the Court of Appeals over the authority of state agencies to promulgate administrative rules allowing for extensions of time for filing objections in certain cases. We conclude that state agencies do have the authority to promulgate administrative rules allowing for extensions of time for filing objections in certain cases.

### I

Under the Indiana Administrative Orders and Procedures Act (AOPA), a notice of objections to the findings of an administrative law judge (ALJ) must be filed within fifteen days of the ALJ's decision to preserve the party's subsequent rights of administrative and judicial review. The statute provides:

> To preserve an objection to an order of an administrative law judge for judicial review, a party must not be in default under this chapter and must object to the order in a writing that:
>
> (1) identifies the basis of the objection with reasonable particularity; and
>
> (2) is filed with the ultimate authority responsible for reviewing the order within *fifteen (15) days (or any longer peri-*

*od set by statute*) after the order is served on the petitioner.

Ind.Code § 4–21.5–3–29(d) (1993) (emphasis added). There is no doubt that this fifteen day requirement is jurisdictional. *Claywell v. Review Board,* 643 N.E.2d 330 (Ind.1994). Rather, the issue with which we are faced is whether the statute permits an administrative agency to extend or continue the fifteen day requirement. In the case before us, the Court of Appeals held that the Indiana Education Employment Relations Board (IEERB) had no authority to grant an extension of the fifteen day deadline. *Charles A. Beard Classroom Teachers Assoc., v. Board of School Trustees of Charles A. Beard Memorial School Corp.,* 646 N.E.2d 988, 994 (Ind.Ct.App.1995). But in another recent case, the Court of Appeals held that the Indiana Civil Rights Commission (ICRC) abused its discretion by not granting an extension of the fifteen day deadline. *Indiana Civil Rights Commission v. Delaware County Circuit Court,* 642 N.E.2d 541, 545 (Ind. Ct.App.1994), *vacated,* 668 N.E.2d 1219 (Ind. 1996).

The procedural and factual backgrounds of *Charles A. Beard* and *Indiana Civil Rights Commission* are set forth in the Court of Appeals' opinions below. For purposes of this opinion, it is sufficient to note that in *Charles A. Beard,* the ALJ ruled adversely to the teachers union on an unfair labor practice complaint. In response, the union timely sought and received a continuance of the fifteen day deadline from the IEERB in compliance with the board's regulations. The board reversed the ALJ and ruled in the union's favor on the merits. The trial court, however, found that the fifteen day restriction was a jurisdictional limitation on the IEERB, which the IEERB could not extend. As such, the IEERB could only affirm the decision of the ALJ. The Court of Appeals affirmed the trial court, also concluding that the statute did not permit any extensions of the fifteen day deadline, and because the union had not objected within the statutory time limit, the IEERB was without jurisdiction to hear the appeal. *Charles A. Beard,* 646 N.E.2d at 995.

In *Indiana Civil Rights Commission,* the ALJ rendered a decision adverse to the Delaware Circuit Court on a civil rights claim relating to the alleged discharge of a juvenile detention center employee on the basis of disability. Both the respondent court and the employee sought and received one continuance of the fifteen day deadline and then, one business day before the original continuance was to run out, the respondent court sought a second continuance. The ICRC denied the continuance, effectively affirming the ALJ's decision since no appeal from it was timely filed. The trial court held the ICRC abused its discretion in denying the second continuance, reviewed the papers that would have been filed had the continuance been granted, and held in favor of the defendant. The Court of Appeals affirmed. *Indiana Civil Rights Commission,* 642 N.E.2d at 548.

## II

In *Charles A. Beard,* it is undisputed that the Teachers Association failed to file its objections within the statutory fifteen day time limit, as the IEERB had granted it an extension of time. What is disputed, however, is whether the IEERB had the authority to grant that extension of time in the first place.

In commencing our analysis, we review several administrative law principles that are relevant here. First, "[i]t is elementary that the authority of the State to engage in administrative action is limited to that which is granted it by statute...." *Indiana Board of Public Welfare v. Tioga Pines,* 622 N.E.2d 935, 939 (Ind.1993), *cert. denied* 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). Therefore, an agency may not adopt rules or regulations that are outside the scope of its power conferred by the legislature. *See Berry v. Peoples Broadcasting Corp.,* 547 N.E.2d 231, 234 (Ind.1989). Second, when reviewing administrative regulations, "court[s] must consider whether the rule lies within the scope of the authority conferred, whether the regulation is consistent with and reasonably necessary to carry out the purposes of the statute, and whether the rule is reasonable." *Board of Reg. for*

*Land Surveyors v. Bender,* 626 N.E.2d 491, 495 (Ind.Ct.App.1993). Also, when reviewing administrative regulations, "courts exercise a greater degree of self-restraint ... as the process [administrative rulemaking] may involve a generally applicable interpretation of the basic public purpose of the governing statute, and it is not desirable to unduly restrict the freedom of the agency to do that." *Tioga Pines,* 622 N.E.2d at 939. Finally, we take note of another established administrative law principle that is relevant in our analysis: agencies have implicit powers to regulate to effectuate their respective regulatory schemes outlined by statute. *See Barco Beverage Corp. v. Indiana Alcoholic Beverage Comm.,* 595 N.E.2d 250, 254 (Ind. 1992); and *Northern Ind. Public Service Co. v. Citizens Action Coalition,* 548 N.E.2d 153, 158 (Ind.1989); *see also* Charles H. Koch Jr., Administrative Law and Practice § 1.4 (1985) (An "agency's rules of practice and procedure are the dominant source for internal procedures of that agency").

■ We now apply the law, as set forth above, to the facts of this case. First, are the IEERB's regulations at issue here [1] outside the scope of power conferred to the IEERB by the legislature? We think they are not, as the IEERB enabling statute (Collective Bargaining Statute) [2] specifically authorized the IEERB to "adopt, promulgate, amend, or rescind rules it deems necessary and administratively feasible to carry out this chapter in accordance with IC 4–22–2." Ind. Code § 20–7.5–1–9(9) (1993). The IEERB presumably believed providing for extensions of time in which to file objections would aid it in carrying out its responsibilities under the Collective Bargaining Statute and therefore

proceeded to do just what it was authorized to do by the legislature under this section when it promulgated rules 560 IAC § 2–6–8 and § 2–6–4. In addition to the power granted to the IEERB in its enabling statute, the AOPA also specifically authorizes agencies, such as the IEERB, to adopt procedural mechanisms, so long as they are not inconsistent with the AOPA: "[A]genc[ies] may adopt rules, under IC 4–22–2, concerning the nature and requirements of all procedures for requesting a proceeding or engaging in a proceeding, so long as the rules are not inconsistent with this article." Ind.Code § 4–21.5–3–35 (1993). The IEERB rules at issue here lie within the scope of authority conferred by the legislature.

Second, are the IEERB's regulations inconsistent with the AOPA? Again, we think not. The Court of Appeals said the IEERB's regulations allowing for extensions of time were inconsistent with Ind.Code § 4–21.5–3–29 [3] in that they were not set "by statute." 646 N.E.2d at 994. We think that the IEERB regulations were indeed set "by statute," as the word "by" can be defined to mean "in conformity with" and "through the means, act, agency or instrumentality of." Black's Law Dictionary 182 (5th ed. 1979). Using these definitions, we conclude that the IEERB provided for granting extensions of time "in conformity" with the IEERB authorizing statute. . Therefore, we see nothing inconsistent between the regulations enacted by the IEERB and Ind.Code § 4–21.5–3–29. Furthermore, we think this conclusion is particularly compelling in light of (i) the deference given to agency regulations on review, *Tioga Pines,* 622 N.E.2d at 939, and (ii) the level of scrutiny generally applied to adminis-

---

1. The IEERB's regulations addressing extensions of time include 560 IAC § 2–6–8 (1992), which provides: "For good cause shown, the chairman, hearing officer, hearing examiner, board, or an agent of the board may also extend the time by which an act may be accomplished." In addition, 560 IAC § 2–6–4 (1992) provides: "Unless otherwise stated in 560 IAC 2 [*this article*], a request for extension of time shall be made two (2) days before the deadline date.... For good cause shown, a request for an extension of time may be granted after the time has passed."

2. Ind.Code § § 20–7.5–1–1 to 20–7.5–1–14 (1993 & 1995 Supp.).

3. Again, this provision reads:

    (d) To preserve an objection to an order of an administrative law judge for judicial review, a party must not be in default under this chapter and must object to the order in a writing that:
    ....
       (2) is filed with the ultimate authority responsible for reviewing the order within fifteen (15) days *(or any longer period set by statute )* after the order is served on the petitioner.

Ind.Code § 4–21.5–3–29 (emphasis added).

trative regulations: "[t]hese [administrative] rules may be tested against the APA [Federal Administrative Procedure Act] and the enabling act but they will stand unless they clearly conflict with these statutes." Charles H. Koch Jr., Administrative Law and Practice § 1.4 (1985). Given that the fifteen day time limit is expressly subject to the "longer period of time set by statute," and the IEERB enabling statute specifically provides that the IEERB may "adopt, promulgate, amend, or rescind rules it deems necessary and administratively feasible to carry out this chapter [Collective Bargaining Law] in accordance with IC 4–22–2," the regulations at issue here do not clearly conflict with the AOPA. Finally, we add that this conclusion also comports with the general notion that agencies have implicit powers to regulate to effectuate their duties. *Barco,* 595 N.E.2d at 254; *Northern Ind. Public Service Co.,* 548 N.E.2d at 158. The IEERB rules at issue here are not inconsistent with the AOPA.

### Conclusion

For the reasons set forth above, we conclude that the IEERB's regulations allowing for granting an extension of time are valid. Therefore, we vacate the decision of the Court of Appeals, reverse the trial court's ruling, and affirm the jurisdiction of the IEERB in entering its final order in this cause.

DeBRULER, DICKSON and SELBY, JJ., concur.

SHEPARD, C.J., dissents with separate opinion.

SHEPARD, Chief Justice, dissenting.

The majority's effort to rescue a tardy request for review of the decision of an administrative law judge has a ring of reasonableness to it. The legal formulation on which this rescue effort is justified, however, will not seem very attractive when used in other settings in the future.

Justice Sullivan says that the Indiana Education Employment Relations Board may decide to ignore the filing requirements of the Administrative Orders and Procedures Act for two reasons. First, the act sets the filing period as "fifteen (15) days (or any longer period set by statute) after the [ALJ's] order is served on the petitioner." Ind.Code § 4–21.5–3–29(d). Second, the Board possesses generic statutory authority to adopt rules for its own operation, and a rule setting a different filing period from the one in AOPA is thus a "period set by statute." The breadth of this reasoning is accurately described in the opening paragraph of the opinion, which declares that the holding applies to "state agencies."

I think the majority's conclusion is difficult to sustain as a matter of statutory construction. To sustain it, one must imagine that the legislature wrote a statute of general applicability and contemplated that absolutely no agency of state government would be required to follow it. A statute with such a purpose could well read: "The filing period shall be fifteen (15) days or such other period as an individual agency may set." The provision at issue, of course, says nothing of that sort.

I conclude that the phrase "or any longer period set by statute" contemplates that some laws creating agencies might feature a different time period set by the legislature for a particular agency. Thus, I regard IEERB's generic authority insufficient to the task assigned it by the majority.

More importantly, I think that assigning such weight to a governmental entity's general powers can cause much mischief. Like Congress, our legislature adopts a great many statutes of general applicability to state and local agencies, statutes protecting the environment, assuring safe workplaces, and commanding fair and open procurement practices, to name but a few. It is quite ordinary for these statutes to acknowledge that other laws particular to local governments or a state agency may contain different and more specific provisions. Such acknowledgment typically says something like, "Except as otherwise provided by law." Today's opinion necessarily creates the opportunity for agencies, commissions, cities, and towns to argue plausibly that they may adopt their own standards on such matters because their ordinance or rule is "by law."

Believing that this arrow may come down in places we will not like at all, I choose not to join in shooting it up in the air.