**INDIANA DEPARTMENT OF NATURAL RESOURCES and Larry D. Macklin, in His Official Capacity as Director of the Indiana Department of Natural Resources, Appellants (Defendants below),**

v.

**NEWTON COUNTY, Indiana, Appellee (Plaintiff below).**

No. 37S00–0206–CV–330.

Supreme Court of Indiana.

Jan. 29, 2004.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Frank J. Deveau, Geoffrey Slaughter, Michael D. Chambers, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Newton County adopted two ordinances purporting to impose requirements on purchases of land in the County by government agencies. The trial court found that the acquisition of land by the Department of Natural Resources violated the ordinances and set aside the transaction. The trial court also held unconstitutional the Game Bird Habitat Act, which gave the agency the authority to purchase the land. We hold that the ordinances are invalid

exercises of county authority and that the Game Bird Habitat Act is constitutional.

### Factual and Procedural Background

In 1988 the Indiana Department of Natural Resources (DNR), through its division of Fish and Wildlife, leased approximately 122 acres of land in Newton County from Steven Brandt. The property has been used as a Game Bird habitat since that time. In March 1998, Brandt proposed selling the property to DNR. After the purchase offer, but before the contract was signed, the Newton County commissioners adopted two ordinances. The first, the "Farm Preservation Ordinance" (FPO) purported to require any government agency desiring to purchase more than twenty acres in Newton County to complete the procedures specified in the ordinances before acquiring the land. The ordinances required the agency to prepare a statement of intent to purchase the land. The statement was to include a statement of the effects the acquisition would have on Newton County's economy, environment, and tax base, a demonstration of the need for the property and some other items. The statement was to be submitted to the Board of Commissioners of Newton County who would then initiate a twelve-month process that included public hearings on the proposed acquisition. The second ordinance, "Land Acquisition Notice Act" (LANA) also applied to acquisitions by "government agencies" and required thirty days notice of any proposed acquisition of more than ten acres. Both FPO and LANA imposed a fine for violation.

After these ordinances became effective, DNR closed its purchase of Brandt's land. DNR did not give the required notice or file the required statements. The County sued, contending the sale was void as in violation of both ordinances. The trial court agreed that the sale violated the ordinances and set aside the land sale.

The trial court also ruled that DNR had no authority to purchase Brandt's land because the Game Bird Habitat Act, Ind. Code § 14–22–8–7(c) (1998), is unconstitutional. That statute authorizes the DNR to acquire land from "willing sellers" for "game bird habitats." The trial court found the statute unconstitutionally vague and also a violation of separation of powers. Because the trial court held a state statute unconstitutional, this appeal was taken directly to this court pursuant to Appellate Rule 4(A)(1)(b).

### I. Validity of the Ordinances

■ The State contends the ordinances are invalid exercises of county authority and therefore provide no basis to invalidate DNR's purchase of Brandt's land. Newton County responds that the Home Rule Act, Ind.Code § 36–1–3–1 (1998) *et. seq.*, provides the authority to create and enforce the two ordinances. The Home Rule Act "abrogated the traditional rule that local governments possessed only those powers expressly authorized by statute, because it expressly broadened a governmental unit's authority to include not only all powers granted it by statute," but also "all other powers necessary or desirable in the conduct of its affairs" even though not expressly granted by the statute. I.C. § 36–1–3–4(b); *City of Gary v. Indiana Bell Tel. Co., Inc.,* 732 N.E.2d 149, 153 (Ind.2000); *City of Crown Point v. Lake County,* 510 N.E.2d 684, 685–86 (1987). Despite these generous delegations of authority to "units" of local government, section 8(a)(3) of the Home Rule Act expressly prohibits a unit from imposing duties on other "political subdivisions." Nor may it impose duties on activities regulated by a state agency. I.C. § 36–1–3–8(a)(7).

■ The ordinances by their terms apply to "government agencies" which presumably include the United States and

units of local government. The Home Rule Act expressly prohibits the imposition of duties on other units of local government, and the County concedes that the ordinances are invalid as applied to federal agencies by reason of the Supremacy Clause of the Constitution of the United States. Despite the immunity enjoyed by government agencies both below and above the State in the hierarchy of governmental units, the County maintains that the ordinances may regulate the state itself. The County correctly points out that neither DNR, an arm of state government nor the State itself is a "subdivision." It is also true that nothing in the Home Rule Act in express terms prohibits a county from regulating the State. But the short answer to these points is that a county cannot prevent a state agency from carrying out statutorily authorized actions.

■■ The ordinances purport to allow a county ordinance to trump the State's statutory land acquisition authority. "An impermissible conflict with state law will be found if the Ordinance seeks to prohibit that which a statute expressly permits." *Hobble ex rel Hobble v. Basham*, 575 N.E.2d 693, 697 (Ind.Ct.App.1991). *Cf.*, *Hopkins v. Tipton County Health Dep't*, 769 N.E.2d 604, 608 (Ind.Ct.App.2002). The Home Rule Act explicitly denies this power to a county. *Hobble* noted that local governments may "impose additional, reasonable regulations, and [to] supplement burdens imposed by non-penal state law, provided the additional burdens are logically consistent with the statutory purpose." *Hobble*, 575 N.E.2d at 697. The County ordinances do not "supplement" any "burdens" imposed by the state. Rather, the state law is frustrated by the county ordinance. Moreover, the state law does not "impose burdens" on anyone. It simply authorizes the DNR to act and does not require permission from local authorities. In short, The Game Bird Habitat Act expressly grants DNR the authority to acquire land to achieve its purposes, and the ordinances seek to regulate the State in that activity. That is not within the County's power.

## II. Constitutionality of the Game Bird Habitat Act

■■ DNR's authority to purchase Brandt's property in Newton County is derived from the Game Bird Habitat Act. The County contends that the Act is unconstitutional, and therefore the purchase was unauthorized and void. The trial court agreed and set aside the sale on that ground, independent of its holding that the ordinances were valid. If the County's sole interest in the constitutionality of the Game Bird Habitat Act were its claim that DNR is not authorized to acquire land, the County's standing to raise the issue would, as the State argues, be at best highly questionable. But the County has a legitimate interest in upholding the challenged validity of its ordinances just as it does in seeking interpretation of statutes that affect its governance. *Bd. of Comm'rs of the County of Howard v. Kokomo City Plan Comm'n*, 263 Ind. 282, 296, 330 N.E.2d 92, 101 (1975). The most obvious flaw in the ordinances is their conflict with the Act. If the Act is invalid that conflict evaporates. Accordingly, the constitutionality of the Act is also relevant to the validity of the ordinances. The County therefore properly raises the issue of the constitutionality of the Game Bird Habitat Act.

■■ In order to constitute a valid delegation of authority to a state agency, legislation must provide sufficient standards to guide the agency in its exercise of that authority. *Barco Beverage Corp. v. Ind. Alcoholic Beverage Comm'n*, 595 N.E.2d 250, 253–54 (Ind.1992) ("The only limitation on the delegation of authority to

administrative bodies is that reasonable standards must be established to guide the administrative body. The standards, however, only need to be [as] specific as the circumstances permit, considering the purpose to be accomplished by the statute.") (citations omitted); *cf., Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.,* 643 N.E.2d 331, 340 (Ind.1994) (standards that guide an administrative agency may be described in "very broad and general terms.") (citations omitted). Newton County argues that the Act fails this test. First, the County contends the terms "willing seller" and "game bird habitat" lack sufficient definition. Second, the County points out that the terms have not been refined by any regulations. Third, the County points out that the legislature failed to provide any specific procedures for acquiring game bird habitats.

We do not agree that the legislature must supply more specific definitions for the terms "willing seller" and "game bird habitat" to guide the agency. To be sure, statutory terms must be understandable, but they need not be rigorously precise. *Mutual Film Corp. v. Indus. Comm'n. of Ohio,* 236 U.S. 230, 245–46, 35 S.Ct. 387, 59 L.Ed. 552 (1915); *Barco Beverage Corp.,* 595 N.E.2d at 254. Newton County sets out a parade of horribles that it contends may constitute examples of a "willing seller" under the statute. These for the most part are examples of how the State might seek to employ tactics to coerce an otherwise reluctant landowner to sell to the State. Newton County points to no evidence whatsoever that DNR has wasted public funds, purchased land for wrongful uses, or coerced residents into selling their land. More importantly, there is no such evidence as to the Brandt sale. To be sure, there may be litigable issues on the fringes of the term "willing seller", but there is no doubt that Brandt is one. He approached DNR and proposed the sale.

The term "game bird" is defined by statute to mean pheasant, quail, grouse, wild turkey, and Hungarian partridge. Ind.Code § 14–22–8–2 (1998). A particular bird is a "game bird" or it is not, and a "potential habitat" is a place where a game bird can live. We see no need to define the terms with any greater specificity. The birds are identified with precision. "Habitat" as we take it, means these creatures may reasonably be expected to occupy the site in the course of their natural activity. "Game Bird Habitat" may present some issues if, as the County posits, DNR attempts to use this statute to buy an asphalt parking lot. Courts can deal with these if they occur. The terms are sufficiently specific to have content. This regulatory framework may be less than wholly precise, but perfection has never been required of administrative bodies. *Chem. Waste Mgmt., Inc.,* 643 N.E.2d at 340.

We also find unpersuasive Newton County's argument that the terms "willing seller" and "game bird habitat" need definition by DNR regulations. Newton County cites the following passage in *Indiana Dep't of Envtl. Mgmt.:* "Such terms get precision from the knowledge and experience of men whose duty it is to administer the Statutes, and then such Statutes become reasonably certain guides in carrying out the will and intent of the Legislature." 643 N.E.2d at 340. We do not take this to require DNR to promulgate rules or guidelines to interpret statutory terms. Rather it merely acknowledges that regulations may fulfill that purpose. If no ambiguity exists within the statute itself an agency may determine if "facts or circumstances exist upon which the law makes or intends to make its own action depend" so long as the agency does not make the law itself. *State ex rel. Standard Oil v. Review Bd.*

*of Employment Sec. Div.*, 230 Ind. 1, 8, 101 N.E.2d 60, 63 (1951). In this case, the statute confers the authority to determine whether or not a particular plot of land is a suitable habitat for the named species. Finally, there is no evidence that DNR interpreted these terms improperly with respect to the Brandt acquisition. The statute is not so unclear as to be void on its face, and there is no claim that its application here is outside the boundaries of "game bird habitat" or "willing seller."

### Conclusion

The judgment of the trial court is reversed. This case is remanded with instructions to dismiss the County's complaint.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.